CHARLES E. WINEGAR, Appellant, *v.* CHARLES B. C. FOWLER et al., Respondents.

Before a party can be estopped by his statement from asserting the truth, it must appear that the one claiming the estoppel has acted or rested upon such statements, and that he will suffer loss if they are not conclusively held to be true.

Plaintiff owned certain furniture, which he had let to B., and which was in a house occupied by her, and in her use and possession; she was indebted to defendant L., and to secure him gave him a mortgage on the furniture, representing that it belonged to her. Thereafter B., in the presence of plaintiff, asked F. for permission to remove the furniture. After the removal, F. asked plaintiff how the furniture fared in the removal, to which plaintiff replied, "Your furniture is all right," and at other conversations spoke of the furniture as B.'s, and when the mortgage was referred to spoke of F.'s claims as all right, saying nothing of his ownership. F., after notice of plaintiff's title, took the furniture by virtue of his mortgage. In an action to recover possession, *held*, that plaintiff was not estopped from claiming title, as it did not appear that F. parted with any value, gave up any right, or in any way altered his position, or acted in reliance upon any thing said by plaintiff.

(Submitted September 28, 1880; decided October 12, 1880.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts appear sufficiently in the opinion.

*Theo. F. Sanxay* for appellant. To create an estoppel *in pais* defendants were obliged to show that plaintiff did or said something inconsistent with his title to mislead defendants, which defendants relied on, and by which they were damaged. (*Jewell* v. *Miller*, 10 N. Y. 402; *Payne* v. *Burnham*, 62 id. 73; *Howell* v. *Wilcox*, 44 id. 403; *Barnard* v. *Campbell*, 55 id. 463; *Bowen* v. *Bowen*, 30 id. 540; *Plumb* v. *Catt. Bank*, 18 id. 395; Seld. Notes, n. 2, 47; 55 N. Y. 465.)

*Sidney V. Lowell* for respondents. Plaintiff was estopped by his acts from setting up ownership. (1 Story's Eq. Jur., § 385; *L. & F. Ins. Co.* v. *Mech. Ins. Co.*, 7 Wend. 31; *Tinkham* v. *Thomas*, 34 Super. Ct. 236.)

EARL, J. This is an action to recover of the defendants the possession of certain household furniture claimed by the plaintiff to belong to him. The defendant Fowler claimed the property by virtue of a chattel mortgage, to secure the sum of $300, executed to him by Mrs. Bartlett, and the other defendant assisted him in taking the property by virtue of the mortgage.

It was not disputed at the trial that the property, at the time of the execution of the mortgage, belonged either to the plaintiff or Mrs. Bartlett. The defendants, therefore, in order to establish their defense, were bound to show either that it actually belonged to Mrs. Bartlett, or that the plaintiff was estopped from denying that it belonged to her.

The trial judge charged the jury that there was no evidence that she had title to the property, and hence the defendants could succeed in their defense only by establishing facts which, under the rules of law, estopped the plaintiff from denying her title.

At the time the mortgage was given, the furniture was in a house occupied by Mrs. Bartlett and hired by her of Fowler, and was in her use and possession. The plaintiff was a lodger and boarder in the house, and she hirèd the furniture of him. Prior to the execution of the mortgage, the plaintiff never held her out as the owner of the furniture, or clothed her with any muniments of title thereto. She owed Fowler for rent and he pressed her for payment, and then, to secure him, she gave him the mortgage, dated December 2, 1876, representing that the furniture belonged to her. It does not appear that the plaintiff, at the time, knew of the execution of the mortgage or assented thereto. The facts claimed to estop him are as follows: Mrs. Bartlett's lease expired May 1, 1877, and Fowler called upon her just before April 27th, for some rent, and while plaintiff was standing in the front hall of the house, she there asked Fowler for permission to remove the furniture and he told her she could take it wherever she wished, but that she must let him know where it was. On the second day of May, after she had removed the furniture from Fowler's house, he went there and there saw the plaintiff and asked him how the furniture fared in the removal, and the plaintiff replied: "Your furniture is all right; there was not a stitch of it scratched; I saw to that myself." On the same day, plaintiff went with Fowler into one of the rooms of the house and there, speaking about the price of furnished rooms, he said: "You see Mrs. Bartlett had these rooms furnished elegantly." Subsequently, in November of the same year, Fowler called upon Mrs. Bartlett, at the place where she then resided, for some money which she had promised to pay him, and she began to cry, and called to the plaintiff and said Fowler was there for some money, and asked him what she should do or say, and he said: "Mr. Fowler need not be frightened about this, he will get all the money you owe him." She then said, "I do not feel anxious about the $300, because you know, Mr. Fowler, you have got more than double that amount of furniture on your mortgage; but it is the $140 I feel anxious about." The plaintiff then said, "That is all right, Mr. Fowler, you will get the

whole of it; it will be all right." And Fowler testified that he talked with the plaintiff quite a number of times after the mortgage was given, and that nothing was ever said about his owning the furniture. After all this, in December, the defendants took the property by virtue of the mortgage, although the plaintiff had, prior thereto, in writing, notified him of his title.

I have stated all the facts upon which the defendants can claim to base the estoppel, and I am constrained to say that they are not sufficient.

It does not appear that Fowler took the mortgage, or parted with any value, or gave up any right, or in any way altered his position, or acted in reliance upon any thing said by the plaintiff. What plaintiff said furnished pertinent and material evidence upon the question of his title to the furniture, but did not estop him from showing and claiming the truth. Before a party can be estopped by what he has said from asserting the truth, it must appear that the person claiming the estoppel has acted or rested upon his statements, so that he will suffer harm if they are not conclusively held to be true. These essential elements of an estoppel are wanting here.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.