33 535<br/>130a 338

## HARRIET B. BERDELL, RESPONDENT. *v.* ROBERT H. BERDELL, APPELLANT.

*Ejectment — will not lie by the grantee in an instrument which purports to be a deed but is in fact a mortgage.*

Where a deed absolute in form, but which is in fact intended as a mortgage, has
been executed and delivered, neither the grantee, nor a purchaser from him who
had notice of the nature of the first deed and parted with no valuable con-
sideration upon receiving his conveyance, has a title to the land which will
sustain an action of ejectment against the mortgagor.

APPEAL from a judgment in favor of the plaintiff, entered on
the report of a referee.

*Herman Aaron* and *Alfred Taylor*, for the appellant.

*S. W. Fullerton*, for the respondent.

DANIELS, J. :

The action was ejectment for the recovery of the possession of
real estate situated in the city of New York. By the judgment the

plaintiff's right to the possession of the property was maintained, and she was held entitled to recover it. After the report was made, and upon the settlement of the case, additional findings of fact and law were presented to the referee, which he declined to consider, for the reason that they were made after the decision of the action. This decision was placed upon the language and effect of the twenty-third rule of the courts which, however, did not take effect until March, 1881. But it will not result from this misapprehension that the referee's refusal to consider the additional requests was erroneous. For by section 1023 of the Code of Civil Procedure the requests have been required to be submitted at or before the time when the decision or report shall be rendered. And under that section the referee was not obliged to act upon the requests submitted after the decision and the report had been made and delivered. (*Palmer* v. *Phœnix Ins. Co.*, 22 Hun, 224.) He was right, consequently, in refusing to consider the requests submitted to him at the time when the case was presented for settlement.

After the decision was made by the referee, exceptions were filed to his report presenting the point upon which the right of the plaintiff to maintain the action was dependent, and that was whether she had acquired such a title to the land in dispute as entitled her to maintain an action of ejectment for the recovery of the possession of the property. Her title consisted of a deed made and executed to her by Eliza W. Parkhurst. Before the execution and delivery of her deed to the plaintiff, she herself had received a deed of the same property from the defendant. But while that deed was absolute in its form, it was proved to have been executed and delivered, and received by the grantee, as a security for a loan of money. And that proof, under the law as it has been settled in this State, rendered this deed a mortgage, having no other or greater effect upon the title in the hands of the grantee than a mortgage formally executed and delivered for the same purpose. (*McBurney* v. *Wellman*, 42 Barb., 390; *Murray* v. *Walker*, 31 N. Y., 399.)

The plaintiff understood that this deed was given to Mrs. Parkhurst as a security for the defendant's indebtedness to her, and she parted with nothing as a consideration for the deed executed and delivered to her by Mrs. Parkhurst. That deed, according to the finding of the referee, which was sufficiently supported by the evi-

dence to prevent his decision upon this point from being disturbed, was executed and delivered at the request of the defendant and without any actual consideration being received by the grantor in the conveyance. It was in fact, therefore, no more than the assignment of her mortgage interest in the property, and gave to the plaintiff no other or greater title than Mrs. Parkhurst herself had in or to it. Where real estate may be held under such a conveyance a _bona fide_ purchaser from the grantee will acquire the title to the propety. Such a purchaser has a right to act upon the faith of the appearance of title in the grantor. (_Whittick_ v. _Kane_, 1 Paige, 202 ; _White_ v. _Moore_, Id., 551.) But the plaintiff was not such a purchaser, for she received her conveyance knowing the fact that the formal grant to Mrs. Parkhurst was only a security, and for the additional reason that she advanced no consideration whatever for the title apparently conveyed to her. (_Williams_ v. _Thorn_, 11 Paige, 459.) The deed, although absolute in its form, conveyed to the plaintiff no more than a defeasible title (_Dexter_ v. _Arnold_, 2 Sumner, 109) ; even if it could have as much effect as that, as long as no part of the mortgage debt was transferred to the plaintiff.

Upon such a title the plaintiff could not maintain an action of ejectment for the recovery of the possession of the property against the defendant, who was in fact, as well as legally, the mortgagor. (_Carr_ v. _Carr_, 4 Lansing, 314 ; _Murray_ v. _Walker_, 31 N. Y., 399 ; _Teal_ v. _Walker_, 111 U. S., 242.) The legal title to the property still remained in him. It was so while Mrs. Parkhurst continued to retain her rights under the deed to her, and that continued to be the defendant's relation to the property after the deed was made and executed to the plaintiff herself. (_Trimm_ v. _Marsh_, 54 N. Y., 599.) The deed to Mrs. Parkhurst created in her favor a lien only for the payment of her debt, and the legal estate itself remained vested in the defendant. And that estate, according to the statute, could only be granted by a deed or conveyance in writing, subscribed by him or by his lawful agent thereunto authorized by writing or by act or operation of law. (3 R. S [6th ed.], 141, § 6.) No conveyance of this estate was at any time made or executed by the defendant. And as no estoppel arose out of the transaction, it cannot be held that he divested himself of the right to this estate by his own conduct or any act or operation of law. For to con-

stitute such an estoppel it is required that the party acting upon the appearance or representations should be misled by it to his or her prejudice. It is only where one party has deceived another by his representations or conduct that he can be precluded on the ground of estoppel from asserting and showing the truth. (*Winegar* v. *Fowler*, 82 N. Y., 315; *Blair* v. *Wait*, 69 id., 113.) The plaintiff has not been able to bring her case within the protection of this rule, for she did not act to her predudice in any respect upon the fact that the deed to Mrs. Parkhurst was absolute in its form. Neither did she receive her conveyance from Mrs. Parkhurst in ignorance of the extent of the right of the latter under the conveyance executed to her by the defendant. She advanced nothing whatever for the deed which was delivered to her, and received it, according to her own evidence given upon another trial, knowing the fact that Mrs. Parkhurst held her deed from the defendant only as a security. As against these deeds the defendant was entitled to the continued possession of the property. And the judgment, instead of being against him, should have been in his favor for a dismissal of the plaintiff's complaint.

It should be reversed, therefore, and new trial ordered, with costs to abide the event.

DAVIS, P. J. :

I think the referee did not err upon the question of practice, and it is therefore not necessary to send the case back for correction.

On the merits of the case I concur in the conclusion reached by DANIELS, J. The deed was a mortgage only, but it carried all the rights of the mortgagee and might therefore be enforced as a mortgage to the same extent that the deed executed by defendant to his original grantor or mortgagee could.

There must be a new trial, with costs to abide the event.

BRADY. J., dissenting as to the question of practice.

Judgment reversed, new trial ordered, costs to abide event.