THE HOWE'S CAVE ASSOCIATION, APPELLANT, *v.* PETER HOUCK, RESPONDENT.

*Landlord and tenant — removal of buildings erected for the purposes of trade — a stipulation that the lessor should pay for buildings in case he failed to renew the lease.*

66   205
141a  606

The Howe's Cave Association, in May, 1869, leased a lot of land for the term of ten years to Jacob F. Van Wagenen, who went into possession thereof, and subsequently erected frame buildings thereon, which he used for a store and a dwelling. The lease provided that the lessor might, at its option, renew the lease for another term of ten years, but that if it refused to renew it should pay Van Wagenen the value of the buildings then upon the premises.

In May, 1879, the lessor renewed the lease, in writing, and in December, 1890, Van Wagenen assigned the lease to Peter Houck, who took and remained in possession of the premises, and when the second term of ten years was about to elapse threatened to remove the buildings from the land, whereupon the lessor brought an action to determine the title to the buildings and to prevent their removal.

Upon an appeal by the lessor from a judgment in such action in favor of the defendant:

*Held*, that the tenant was entitled to remove the buildings which had been erected for trade purposes.

That the lease did not compel him to erect them, and their erection could not, therefore, be deemed a species of rent.

That the clause in the lease compelling the lessor to extend the lease, or buy the buildings if the lease was not extended, did not transfer the title of the buildings to the lessor in case the latter elected to renew the lease, but, on the contrary, left the tenant after the renewal with the rights of any ordinary tenant.

APPEAL by the plaintiff, the Howe's Cave Association, from a judgment of the Supreme Court, entered, after trial before the court at the Schoharie Circuit, in the office of the clerk of the county of Schoharie on the 17th day of March, 1892, dismissing the complaint, dissolving an injunction, directing a judgment for defendant for $1,000 and interest, being the value of certain buildings in question in the action, or in the alternative giving the defendant the right to remove the buildings within thirty days after failure to pay $1,000 and interest, and, further, in case of non-payment, awarding damages sustained by reason of the injunction in an amount to be thereafter determined.

The action was brought to obtain an adjudication that certain buildings standing upon land which had been leased by the plaintiff belonged to the plaintiff, and an injunction preventing the defendant from interfering with or removing them.

Upon the trial of the action it appeared that the original lessee was Jacob F. Van Wagenen, who, in December, 1890, assigned the lease to Peter Houck, the present defendant, who took and remained in possession of the premises at the time of the commencement of the action.

*J. G. Runkle* and *William C. Lamont*, for the appellant.

*J. S. Pindar* and *G. M. Palmer*, for the respondent.

PUTNAM, J.:

The plaintiff, on May 13, 1869, by written lease, demised to defendant's assignor the lot described in the complaint for ten years, the lease containing the following clause, viz. :

"It is also expressly stipulated and agreed between the parties hereto that the party of the first part or their assigns, may, at their

option, continue this lease for another term of ten years to the party of the second part, his heirs or assigns, but if the said party of the first, or their assigns, shall decline so to continue the lease, then the said party of the first part, or their assigns, shall be held liable to pay the said party of the second part, his heirs, executors, administrators or assigns, the value of the buildings which shall be upon the premises at that time, which value shall be determined by competent mechanics, and such payment so made shall entitle the party of the first part or their assigns to said buildings forever."

The lessee afterwards erected buildings on said premises for the purposes of trade, although the lease contained no covenant obliging him so to do. At the end of the ten years the lease was extended by a writing indorsed thereon, signed by the plaintiff and defendant's assignor, as follows, viz.:

"It is hereby mutually agreed, in consideration within mentioned, to extend the time of this lease ten years in addition as provided herein.

"Dated *May* 1, 1879.

"THE HOWE'S CAVE ASSOCIATION.

"J. H. RAMDEY, *President.*

"J. F. VAN WAGENEN."

The ten years for which said lease was extended being about to expire, and defendant, the assignee of Van Wagenen, the lessee, being about to remove the buildings which were so erected on the premises, this action was commenced to restrain such removal. Ordinarily a building erected by a tenant on demised premises for the purpose of trade may be removed by him at the expiration of his term. (*Ombony* v. *Jones*, 19 N. Y., 234; *Holmes* v. *Tremper*, 20 Johns., 29; *Mott* v. *Palmer*, 1 N. Y., 570.)

The lease in question was given for ten years, and then, by the consent of the lessor and lessee, extended for a further term of ten years. The rights of the parties, therefore, are the same as if the instrument had been originally drawn for twenty years, and no question would arise as to the right of the defendant, as assignee, to remove the store erected on the premises, were it not for the clause in the lease above set out, whereby plaintiff covenants at the end of the first ten years to pay for the buildings or extend the lease.

But the covenant in question is one merely obliging the lessor to extend the lease ten years, or buy the buildings placed on the premises by the lessee. It does not directly or impliedly effect a conveyance of such erections from the tenant to the landlord in case the lease is extended. It provides that the payment by the lessor to the lessee of the value of the buildings shall transfer the title thereto to the plaintiff. If the intent of the parties had been as claimed by appellant, the lease would have provided that "such payment so made," or *extension of the lease*, shall entitle the party of the first part to the buildings. In the absence of such a provision, I am unable to see how the clause above quoted can be construed to have the effect of transferring the buildings in question to the plaintiff.

The lease provided for a renewal, but, in the event of the landlord declining to renew, it is obliged to buy the building, and the instrument provided that its payment therefor shall entitle it to the building. Not the payment *or extension of the lease*. I think, in the absence of a provision in the instrument providing that an extension of the lease shall transfer the building to the plaintiff, such building being erected for the purposes of trade, the ownership remained in the lessee.

This case differs from those, some of which are cited by appellant, where the tenant in the lease, and in consideration thereof, covenants to erect buildings on the premises, and by the terms of the lease is compelled to do so. In such a case, the buildings so erected have been held to belong to the landlord. The building, where such an agreement is contained in the lease, may be deemed (so to speak) as an additional rent, and hence the property of the lessor. I have examined the authorities cited by the plaintiff, but I do not think that they are applicable to this case, or require discussion.

The disposition of the question under consideration depends on the construction given to the clause of the lease above quoted, in the absence of which defendant's right to the store in question is clear. I am unable to construe that clause, the lease having been renewed, as conveying or showing an intent to convey title to plaintiff.

I think the judgment should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., dissented.

Judgment affirmed, with costs.