EDWARD PRECHT, Individually, and as Executor of EVA FREUND, Deceased, Appellant, *v.* ELIZABETH S. HOWARD, Respondent.

1. LANDLORD AND TENANT — LEASE OF LAND FOR TERM OF YEARS AND RENEWALS THEREOF — OWNERSHIP OF BUILDINGS ON LAND AT EXPIRATION OF LAST TERM. Where an instrument in writing renewing for a third term a lease of land for a term of years, executed by the persons succeeding to the interests of the parties to the first and second leases, contained all of the covenants of the preceding leases relating to the renewal of the lease for a further term except one, which provided that the lessor should on the expiration of the term pay for a building erected on the land by the first lessee, in the event that no further lease should then be granted, but in lieu thereof provided that at the expiration of such term the lessee would peaceably and quietly surrender the premises to the said lessor, the said lessee has, at the expiration of said third term, no right to remove the building from the land, since by the omission of the covenant reserving the title to the building it became, by operation of law, a part of the land and the lessee lost any right of ownership that she or her predecessors in title might have had under the first and second leases.

2. SAME — WHEN LESSOR NOT ESTOPPED FROM ASSERTING TITLE TO BUILDINGS ON LEASED LAND BY EXTENSION OF OPTION TO RENEW LEASE. Where such lessor and the person who had succeeded to the rights of the lessee under such third lease entered into a contract, on the day before the expiration of the lease, which extended for a period of thirty days, the time within which the lessor should exercise her option either to grant a further lease for twenty-one years, or for the purchase of the house on the land, as provided by the terms of the then existing lease, "without prejudice of any rights to the parties hereto under the terms of said lease," and also provided that the lessor should have the right to re-enter the premises at the end of the extended period and, upon receiving from such lessee a conveyance of the building and a surrender of the lease, should pay such lessee a stipulated sum for the building, whereupon, and in conformity with such agreement, the lessee tendered to the lessor a conveyance of the building, which she declined to accept; the lessee cannot recover from the lessor the agreed price of the building, upon the ground that the execution of such agreement by the lessor led the lessee to waive her right to remove the building during the continuance of the term and that, therefore, the lessor is estopped from asserting her ownership of the building, since the mere extension for thirty days of the time within which the lessor might have exercised her option to give the lessee a new lease had no effect upon the ownership of the building, for

that had been fixed by operation of law during the period of the preceding twenty-one years, especially where it is apparent from the terms of such agreement that the extension was granted under a radical misapprehension or misstatement of fact and where no new consideration, either pecuniary or obligatory, entered into the transaction.

*Precht* v. *Howard,* 110 App. Div. 680, affirmed.

(Argued December 21, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1906, in favor of defendant, upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Edward Miehling* for appellant. The lessees of the lot were the owners of the building thereon, and had an absolute right to remove the same prior to the expiration of the lease. (*H. C. Assn.* v. *Houck,* 66 Hun, 205.) By entering into the negotiations which led up to the execution of the agreement under seal, upon which this action is brought, the plaintiff's decedent and assignors waived the right to remove the buildings standing upon the lot leased prior to the expiration of the term, and the defendant is, therefore, estopped from setting up a failure or want of consideration. (9 Cyc. 588 ; 17 Am. & Eng. Ency. of Law [2d ed.], 23.)

*Lucius H. Beers* for respondent. The house referred to in the agreement of October 30, 1899, was the property of the landlord. (*Loughran* v. *Ross,* 45 N. Y. 792; *Talbot* v. *Cruger,* 151 N. Y. 117; *Stevens* v. *Ely,* 162 N. Y. 79; *Hays* v. *Schultz,* 33 Misc. Rep. 137.) The tenant had no rights with respect to the house except such as the lease gave. (*H. C. Assn.* v. *Houck,* 66 Hun, 205 ; *Talbot* v. *Cruger,* 151 N. Y. 117.) There was no consideration for the agreement of October 30, 1899, so far as the respondent is concerned.

(*Snyder* v. *Guthrie*, 21 Hun, 341; *Cowles* v. *R. F. B. Co.*, 179 N. Y. 87.) The respondent is not estopped from asserting her ownership of the building. (*Organ* v. *Stewart*, 60 N. Y. 413; *Payne* v. *Burnham*, 62 N. Y. 69; *Winegar* v. *Fowler*, 82 N. Y. 315.)

WERNER, J. The controversy arises out of conflicting claims as to the ownership of a building erected by the plaintiff's predecessor upon lands that concededly belong to the defendant. The latter, as owner of the land, asserts title to the building, under the general rule that every structure permanently annexed to the soil is a part of the fee. The plaintiff stands upon the terms of an agreement in which the defendant agreed to purchase the building at a fixed price. As the legal effect of that agreement depends wholly upon the conditions under which it was made, a brief recital of the history that preceded its execution is indispensable.

In 1836, one Elizabeth Fish, who was then the owner of a parcel of land fronting upon Third street, in the city of New York, executed a lease thereof to one Robert Malcolm for a period of twenty-one years. This lease contained a provision to the effect that if the lessee, his executors, administrators or assigns should, within two years after its date, erect upon the premises a dwelling of certain described dimensions and specifications, which should be standing at the expiration of the term, the lessor should either pay to the lessee, his executors, administrators or assigns the value of the house, which was to be ascertained in a manner specified *or grant a new lease* for a further term of twenty-one years, to commence at the expiration of the first term.

Such a house was built by the original lessee and was upon the land in 1857, at the expiration of the first term. At that time the trustee of the original lessor, who was then deceased, executed a new lease to the same lessee for a further term of twenty-one years. This second lease contained a covenant for a further or third lease, if at the end of the second term there should be standing upon the land a house of the described

dimensions and specifications, and this third lease was to contain all the covenants and conditions of the second lease, except the one relating to payment for the building in the event that no further lease should then be granted. The second lease, like the first, contained a provision for such payment if no third lease should be made.

When the second term was about to expire in 1878, one Eliza Rosenstein had become the owner of the leasehold estate, and the defendant had acquired title to the fee. Then a third lease was made between the defendant, as owner, and said Rosenstein, as tenant, for a further term of twenty-one years, which was to expire on the 31st day of October, 1899. This last lease contained no covenant for the purchase by the lessor of any building that might be upon the land at the close of the term, nor for the granting of any further lease, but in lieu thereof it provided " that on the last day of the said term hereby demised, or other sooner determination of the estate hereby granted, the said party of the second part, her executors, administrators or assigns, shall and will peaceably and quietly leave, surrender, yield up and deliver unto the said party of the first part, her heirs or assigns, all and singular, the said demised premises, with good and sufficient fence, without fraud or delay."

This was the situation on October 30th, 1899, when the defendant, and the plaintiff who had succeeded to the rights of the last lessee, entered into an agreement which recited, in substance, that the parties were desirous of extending for a period of thirty days the time within which the defendant should exercise her option either to grant a further lease for twenty-one years, or for the purchase of the house on the land, as provided by the terms of the then existing lease, " without prejudice of any rights to the parties hereto under the terms of said lease." This recital was followed by covenants that the defendant should have the right to re-enter the premises on the 1st day of November, 1899, and that the parties had agreed upon the sum of $3,900 as the price of the building which the defendant was to pay upon receiving a

conveyance of the building and a surrender of the lease. The plaintiff seasonably tendered to the defendant a conveyance of the building, which she declined to accept, and this proceeding followed.

Upon the facts submitted, which are here presented only in their essential outlines, the learned Appellate Division directed judgment for the defendant and we concur in that conclusion. The case of *Howe's Cave Assn.* v. *Houck* (66 Hun, 205 ; affd. 141 N. Y. 606), relied upon by the appellant, is not at all like the case at bar. In the *Howe's Cave* case the lease was for a term of years, with an option for a continuance for another like term, and the buildings, which were there the subject of controversy, were expressly held to have been erected for purposes of trade. The litigation arose out of the tenant's effort to remove these trade buildings before the expiration of the extended term and his right to do so was affirmed by this court upon the ground that the term was in fact a continuous one, and that ordinarily a building erected by a tenant on demised premises for purposes of trade may be removed by him at the expiration of his term. (*Ombony* v. *Jones*, 19 N. Y. 234 ; *Holmes* v. *Tremper*, 20 Johns. 29 ; *Mott* v. *Palmer*, 1 N. Y. 570.)

The case at bar rests upon an entirely different principle. The dwelling house erected by the original lessee would at once have become a part of the freehold but for the provision of the first lease imposing upon the lessor the duty of paying for it at the end of the term if a new lease were not granted. That provision was continued in the second lease, but was omitted from the third or last lease. The omission from that instrument of the covenant reserving to the lessees their title to the building brought the parties within the operation of the general rule that buildings are a part of the land. These three leases were separate contracts, creating three distinct terms, and when the last lessee accepted a lease which contained no reservation as to the building, he lost any right of ownership therein that he or his predecessors in title may have had under the first and second leases. (*Loughran* v. *Ross*, 45

N. Y. 792; *Talbot* v. *Cruger*, 151 N. Y. 117; *Stephens* v. *Ely*, 162 N. Y. 79.)

The effect of the agreement of October 30th, 1899, remains to be considered. The learned counsel for the appellant contends that the execution of this agreement by the defendant, led the plaintiff to waive his right to remove the building during the continuance of the term and that, therefore, the defendant is estopped from asserting her ownership of the building. The argument is inadmissible for it rests upon the erroneous premise that the plaintiff had the right to remove the building. He had no such right. The last lease contained no reservation as to the building in favor of the lessee and, since the structure had not been erected for purposes of trade, it became a part of the freehold in 1878 *eo instanti* when the last lease was executed. As the plaintiff had nothing to waive, and the legal status of the parties was not changed by the agreement of 1899, it follows that the defendant is not estopped from asserting that she was under no obligation to purchase what she already owned. (*Organ* v. *Stewart*, 60 N. Y. 413; *Payne* v. *Burnham*, 62 N. Y. 69; *Winegar* v. *Fowler*, 82 N. Y. 315.)

The mere extension for thirty days, of the time within which the defendant might have exercised her option to give the plaintiff a new lease, had no effect upon the ownership of the building, for that had been fixed by operation of law during the period of the preceding twenty-one years. It is fairly apparent, moreover, that this extension was granted under a radical misapprehension or misstatement of fact, for the recital of the agreement is to the effect that the time is extended either to grant a new lease for twenty-one years, or for the purchase of the house " *as is provided by the terms of the said lease.*" The lease referred to, that is the lease of 1878, contained no provision binding the defendant to grant a renewal or to purchase the house. The covenants of the agreement of 1899, therefore, did not change the legal rights of the parties. The defendant thereby acquired no rights and the plaintiff relinquished none. No new consideration, either

pecuniary or obligatory, entered into the transaction, and the contract has no support save in such moral elements as are beyond the jurisdiction of courts of justice.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, EDWARD T. BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.