## MINCHROD *v.* WINDOES.·

REPLEVIN.—Replevin for a box of skins and furs, marked " A. B., *Logansport, Indiana."*

*Held,* that the description of the property was sufficient for the purposes of identity.

SAME.—PLEADING.—If a complaint in replevin contains all that is necessary in the affidavit usually accompanying it, and is sworn to, the want of a separate affidavit cannot be objected to.

SAME.—To an action of replevin for a box of furs, the defendant answered: 1. General denial. 2. That a specified portion of the furs was his own property; that he had previously sold them to a person who claimed to be the plaintiff's agent, upon agreement that they should be shipped to the plaintiff by express, and paid for before delivery; that the furs were so shipped, but plaintiff refused to pay, &c. 3. That a specified portion of the furs was sold by him to plaintiff; that these furs were by agreement packed with other furs of the plaintiff, and shipped to him, upon an agreement that the amount due the defendant should be paid before the delivery of any of the furs; that the plaintiff refused to pay, &c. Reply to the second and third answers, that the person referred to in the second answer was not the agent of plaintiff; that the plaintiff had furnished him a certain sum of money, which he was to repay on demand, either in furs, at specified prices, or in money; that the furs in controversy were purchased under that contract, and were packed with other furs bought of other persons by the alleged agent, without any mark or sign to designate them, and were shipped to the plaintiff; that after crediting the box of furs there was a balance-due, &c.

*Held,* that as to the third answer, the reply was good as a denial.

*Held,* also, that as to the second answer, there was nothing in the reply to avoid it, while its material allegations were admitted.

*Held,* also, that under the allegations of the reply, the other furs in the box were not the property of plaintiff until delivery, and hence he could take no advantage of the confusion of the goods.

APPEAL from the *Cass* Common Pleas.

FRAZER, J.—Replevin for " a box of skins and furs, marked *J. Windoes, Logansport, Indiana."* It is objected to the complaint that the property was not sufficiently described. It seems to us that it was sufficient for the purposes of identity. The complaint was sworn to, but there was no separate affidavit. A question is made as to this, but there is nothing whatever of substance in it. The

objection merely amounts to this: that there should have been another piece of paper filed.

*Minchrod* answered in three paragraphs: 1. General denial. 2. That a specified portion of the furs was his own property; that he had previously sold them to one *Hilde-brand*, for $140 07, *Hildebrand* claiming to be the plaintiff's agent; that the property so sold was not delivered, but was to be shipped by *Minchrod* by express to the plaintiff at *Logansport, Indiana*, to be delivered to the plaintiff by the express company, upon the payment of the purchase money; that they were shipped accordingly, and that the plaintiff did not pay or tender the money, wherefore as to those furs he demanded judgment, &c. 3. That he sold to the plaintiff a specified portion of the furs, in *Illinois*, for $140 07, to be shipped to *Logansport*, and paid for by the plaintiff on delivery, other furs of the plaintiff being shipped in the same box, and none to be delivered until the payment of the purchase money and charges, and the whole to be held by *Minchrod* until such payment was made; that such payment was not made, &c. The plaintiff replied to the second and third paragraphs of the answer: 1. General denial. 2. That he had deposited with *Hildebrand* $1,000, and took from him the following paper: "Received, *Kankakee, December* 2, 1864, of *J. Windoes*, agent, one thousand dollars for the purchase of furs, as per prices given, the furs to be delivered when called for, or the money returned. (Signed,) J. HILDEBRAND;" which expresses the whole contract between the plaintiff and *Hildebrand*; that *Hildebrand* was not the plaintiff's agent, but was merely bound to deliver furs therefor at fixed prices, or repay the money on demand; that the box of furs in controversy was purchased by *Hildebrand* under the foregoing arrangement, and none other; that the furs purchased of *Minchrod* were packed with other furs bought by *Hildebrand*, as aforesaid, without any mark, sign or device by which they could be distinguished; that after crediting *Hildebrand* with the entire

contents of the box, there would still remain the sum of $149 21 to be accounted for by him; that the plaintiff never made any contract or had any dealings whatever with *Minchrod. Minchrod* demurred unsuccessfully to the second paragraph of the reply, and now presents the question here.

We think that this paragraph was a good reply to the third paragraph of the answer, amounting, however, merely to a denial of it. But to the second paragraph of the answer, it seems to us insufficient as a reply. It admits all the facts averred by the defendant in that defense, and contains nothing in avoidance of them. Certainly the defendant could lawfully make such a contract with *Hildebrand* as he alleges that he did make, and it is quite clear that if the reply be true, if the other furs in the box were *Hildebrand's,* as they must have been until delivery, if the latter was not the agent of the plaintiff in their purchase, then the plaintiff could claim no advantage from a confusion of the goods. It did not concern him. It was a matter between the defendant and *Hildebrand.* None of the property was the plaintiff's until delivery to him. True, he was not bound to accept the property with the burden imposed, but he must take it *cum onere,* or not at all. He had a right to claim the unconditional delivery of furs from *Hildebrand,* or the money. He could not lay violent hands even upon furs bought and paid for by *Hildebrand,* much less upon those belonging to *Minchrod.* In fact the reply shows a state of facts in connection with the second paragraph of the answer which would defeat the entire action, if that defense were not limited to a part.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer to the second paragraph of the reply.

*D. D. Dykeman,* for appellant.

*D. D. Pratt* and *D. P. Baldwin,* for appellee.