No. 8908.

## MALONE ET AL. *v.* STICKNEY ET AL.

REPLEVIN.—*Complaint.—Description of Property.*—The description of the goods in a complaint in replevin, as "One stock of dry goods, notions, fancy articles, and so forth, now in store occupied by" the defendant, "on Main street, in the city of Valparaiso, Porter county, Indiana," is good after verdict, and *it seems* on demurrer.

SAME.—*Evidence.—Record.—Offer of Proof.*—In replevin the question was whether the plaintiff purchased the goods to aid A. in defrauding his creditors. The defendant offered in evidence the record of a suit against A. to recover a debt, offering in connection therewith "*to prove*" that the plaintiff employed attorneys to appear and delay the judgment until the plaintiff could consummate his purchase of the goods from A.; that, accordingly, sham and false answers were filed, causing a delay of several days, during which the purchase was consummated. The court excluded every part of the record offered save only the complaint and the judgment entry, and it also excluded the evidence offered in connection.

*Held,* that the exclusion of parts of the record was a harmless error.

*Held,* also, that the exclusion of the proof offered in connection was proper, for the reason that the offer was merely "to prove" the facts, instead of to prove them by *competent evidence.*

*Held,* also, that it was not error to exclude the original notes sued on, copies of which were contained in the record admitted.

EVIDENCE.—*Depositions.—Agreement.*—On the trial a whole deposition taken in another cause was offered in evidence, with an agreement of the parties endorsed that *certain parts of it,* if proper evidence, might be used in the trial of this cause.

*Held,* that its exclusion was not error.

SAME.—*Instructions.—Fraud.*—An instruction, assuming the existence of a fact which, upon the evidence, it is the province of the jury to determine, should not be given.

From the Lake Circuit Court.

*T. J. Merrifield,* for appellants.

HAMMOND, J.—This case, commenced in the Porter Circuit Court, was taken by change of venue to the Lake Circuit Court. It was an action by the appellees to recover personal property of which they claimed to be the owners and entitled to the possession, and which they alleged the appellants detained without right. The case was tried by a jury on the issue made by the general denial, resulting in a verdict for

the appellees, and over appellants' motion for a new trial, and exceptions, judgment was rendered on the verdict.

The appellants assign in this court the following errors:

1. That appellees' complaint does not state facts sufficient to constitute a cause of action.

2. That the court erred in overruling appellants' motion for a new trial.

The objection made to the complaint is that it does not describe the property with sufficient certainty. The description of the property in the complaint is as follows: "One stock of dry goods, notions, fancy articles, and so forth, now in store occupied by *them*, on Main street, in the city of Valparaiso, Porter county, Indiana, of the value of $1,000." There is some ambiguity, but the context reasonably shows that the word *them* related to the appellants. The complaint, being sworn to, was made to serve the purpose of an affidavit as the basis of appellees' claim for the immediate delivery of the property to them. While the affidavit in such case should contain a particular description of the property, section 1267, R. S. 1881, we think the description in the present case would make the complaint good on demurrer, and good, especially, after verdict as against an objection coming for the first time in this court. The high degree of certainty, insisted upon by the appellants, in describing property in actions like this, is not required. *Minchrod* v. *Windoes,* 29 Ind. 288; *Onstatt* v. *Ream,* 30 Ind. 259; *Smith* v. *Stanford,* 62 Ind. 392. We think the complaint was sufficient.

Various reasons are assigned why a new trial should have been granted, which will be noticed in the order in which they are presented in the appellants' brief. It is shown in evidence that the appellant James R. Malone, as sheriff of Porter county, had seized, levied upon and taken possession of the property in controversy by virtue of an execution and an order of attachment issued in favor of the other appellants, against the property of Morgan D. Stickney, and that appellees claimed ownership of the same property under an alleged

purchase, evidenced by a bill of sale, from said Stickney. The appellants at the trial offered in evidence a duly certified transcript of the pleadings, proceedings and judgment of the Porter Circuit Court, in a case in which William and George Powell were plaintiffs, and Morgan D. Stickney and others were defendants, and in which judgment had been rendered in favor of said plaintiffs against said defendants, for $300 and costs. This evidence being objected to by the appellees, the court permitted the complaint and final entry of judgment to go to the jury, but excluded the balance of the record, namely, the demurrer and answer of the defendants to the complaint and the order-book entries of the court relating thereto. At the time of offering the above record in evidence, the appellants also proposed to prove that the appellees knew of the pendency of said action of Powell and Powell, and employed attorneys to defend and delay the same until said bill of sale to said appellees from said Stickney could be procured; that said attorneys did in fact appear in said case and file sham and false pleas, and thereby delayed judgment therein for several days; that during such delay the bill of sale, under which appellees claim to own the property in dispute, was made to them by *Stickney,* whereupon no further defence was made in said action, and the plaintiffs therein, Powell and Powell, were permitted to take judgment for the full amount of their claim. This evidence, on appellees' objection, was excluded by the court, to which the appellants excepted. As a circumstance tending to prove fraud in the transfer of the property from Stickney to the appellees by the bill of sale, it was proper for the appellants to put in evidence the record of said judgment in favor of Powell and Powell, to show that Stickney was in debt at the time of executing the bill of sale. But the record of the complaint in that case, containing a copy of the note sued upon, and the judgment of the court showed such indebtedness as fully as it would have been shown by the admission in evidence of that part of the record which the court excluded. While no very good reason occurs for ex-

cluding any part of the record of that case from evidence, the ruling of the court in relation thereto was harmless unless such excluded part of the record became material with the other proposed evidence also excluded, showing appellees' knowledge of the pendency of the Powell and Powell action against Stickney at the time they claimed to have purchased of him the property in suit, and that they employed attorneys to delay judgment in that case until they consummated such purchase. These facts were certainly material as tending strongly to prove fraud between Stickney and the appellees. If the record showed that the appellants offered to establish the above facts by competent evidence, the ruling of the court in excluding it would have been erroneous. But the record shows simply that the appellants offered to prove these facts, but by whom or by what kind of evidence does not appear. The witness or witnesses may have been incompetent, or the evidence may have been mere hearsay. Presumptions should be indulged in favor of the rulings of the trial court, unless the error is apparent from the record. We can not say from the record before us that the court below erred in excluding testimony as complained of by the appellants.

The deposition of Morgan D. Stickney had been taken in another case between other parties. There was a written agreement endorsed on this deposition by the attorneys of the parties, that certain parts of it, if deemed legal and proper, should be read in evidence in this case. The appellants offered the deposition in evidence, but on appellees' objection it was excluded by the court, and appellants excepted. The appellants should have offered in evidence only such part of the deposition as was embraced in the agreement endorsed on it. When offered as a whole, the ruling of the court in excluding it furnishes no ground for objection.

The appellants also offered in evidence two promissory notes, each for $917.40, executed on January 30th, 1873, by Stickney & Co. to Sage Bros. & Co., which, on appellees' objection, were excluded by the court, on the ground that the record of

the judgment rendered on said notes had already been put in evidence. This ruling did the appellants no harm. The transcript before us shows that the complaint and the judgment based on said notes were already properly before the jury. The notes were admissible only to show Stickney's indebtedness at the time of the alleged sale to the appellees, and this was shown as fully by the record of the complaint and judgment on the notes as it could have been by the notes themselves.

The appellants requested the court to give the jury the following instruction :

" In order to establish the good faith and legality of such sale, it is not sufficient that there may have been a legal and sufficient consideration therefor, but in order to remove the legal presumption of intent to defraud creditors, there must be evidence of some valid excuse or reason for allowing the possession of the property to remain unchanged ; and unless the plaintiffs have shown such excuse or reason by sufficient evidence, your verdict should be for the defendants."

This instruction was objectionable, for the reason (if for no other) that it assumed that the possession of the property remained unchanged after the sale by Stickney to the appellees. Under the evidence this was a question of fact for the jury, and it would have been improper for the court in its charge to have assumed it as proved. The court did right in refusing it.

The appellants also excepted to the second instruction given by the court on its own motion. No objection to it is pointed out, and we do not discover any.

The appellants claim, finally, that the evidence did not sustain the verdict. We have examined it carefully and think that it fairly sustained the verdict, and, under the well established rule upon this point, we can not for this reason disturb the judgment.

These are the only objections complained of by the appellants in their brief to the proceedings of the trial court, and we think that they are not well taken. We find no error in the record, and the judgment of the court below is affirmed.