## GRISWOLD v. SUNDBACK *et al.*

1.  In an action in claim and delivery, to recover from an attaching officer, under a claim of ownership, personal property taken from the possession of plaintiff as the property of an attachment debtor, said officer is precluded from questioning the *bona fides* of a prior sale of said property by the defendant in the attachment suit to the plaintiff, and upon which he bases his right to immediate possession, when it appears that such officer has relinquished his lien, and become a trespasser from the beginning, by voluntarily and unlawfully turning the property over to an agent of the plaintiff in the attachment proceedings. Griswold v. Sundback (S. D.) 57 N. W. 339.

2.  When the undisputed evidence shows that plaintiff is the owner, and entitled to the immediate possession of the property described in his complaint in claim and delivery, and seized by defendants as the property of an attachment debtor, the court may determine the question of ownership and possession as matters of law, and withhold the same from the jury under an instruction which in effect requires them to find from the evidence the value of such property at the time it was taken, and to return a verdict accordingly, and in the usual form, in plaintiff's favor, and against the defendant.

(Syllabus by the Court. Opinion filed Nov. 28, 1894.)

Appeal from circuit court, Minnehaha county. HON. FRANK R. AIKENS, Judge.

This case was first decided by this court in an opinion reported in 4 S. D. 441, 57 N. W. 339, in which opinion the judg-

ment of the court below in favor of the plaintiff was affirmed. Thereafter a rehearing was ordered in the case. This opinion is upon the rehearing. The former decision adhered to.

*R. W. Hobart, C. S. Palmer* and *U. S. G. Cherry*, for appellants.

Fraud may be presumed from the circumstances and facts surrounding a transaction. Danby v. Sharpe, 2 McArthur, 435; Vance v. Phillips, 6 Hill 433; Downing v. Kelley, 49 Barb. 547; Bessler v. Joffron, 2 So. 795; Waite Fraud. Con. Section 244. When there is conflicting evidence as to the ownership of property, it is error for the trial court to direct a verdict, that the plaintiff is the owner and entitled to its possession. Lane v. Sparks, 75 Ind. 278; Manning v. Bresnahan, 30 N. W. 189; Reinheiner v. Hennugway, 35 Pa. St. 432; Bishop v. Warner, 19 Conn. 460; Rauber v. Sundback, 1 S. D. 268; Constantine v. Foster, 57 Ill. 36; Strauss v. Kranert, 56 Id. 254; Blake v. Powell, 26 Kan. 320; Hatch v. Fowler, 28 Mich. 206; Cheneny v. Palmer, 5 Cal. 132; Haynes v. Ledyard, 33 Mich. 319; Johnson v. Neals, 6 Allen, 227; Stanley v. Neale, 98 Mass. 343; Hosmer v. Mosely, 11 Cush. 211; Hotchkiss v. Ashley, 44 Vt. 195; Easter v. Fleming, 78 Ind. 116; Thornburgh v. Hand, 7 Cal. 567.

The gist of the action of claim and delivery is who is entitled to the immediate possession of the property at the time the action is commenced, McCraw v. Welch, 2 Cal. 284; Hunt v. Chambers, 21 N. J. L. 620; Fischer v. Barchall, 42 N. W. 1034; Cary v. Hewitt, 26 Mich. 228; Clark v. West, 23 Id. 242; Gates v. Gates, 15 Mass. 310; Alden v. Carver, 81 Am. Dec. 430; Rose v. Tolly, 15 Wis. 485; Eldridge v. Sherman, 38 N. W. 255; Rosenfield v. Case, 49 Id. 630; Blue Valley Bank v. Clement, 30 Id. 64.

*Winsor & Kittredge,* for respondent.

In an affidavit of claim and delivery the description of the property is for the benefit of the officer only. Ellworth v. Henshall, 4 G. Greene, 418; Litchman v. Potter, 116 Mass. 373;

McCourt v. Bond, 25 N. W. 532. The rule of damages in case of claim and delivery when the property itself cannot be recovered is the same as that in an action of trover. Single v. Schuerder, 30 Wis. 570; Bigelow v. Doolittle, 36 Wis. 115; Brewster v. Cormishall, 39 Wis. 456; Howard v. Barton, 9 N. W. 584; Moorich v. Mountain, 22 Minn. 564.

FULLER, J. This case now before us on rehearing is reported in 4 S. D. 441, 57 N. W. 339, and was instituted in the court below to recover from an attaching officer and his deputy the possession or value of a certain stock of hardware kept for the purpose of retail trade in the village of Dell Rapids, of which the plaintiff claims to be the owner and entitled to the immediate possession; and the value of said stock of merchandise is alleged to be $4,000. The action is in claim and delivery, and the complaint contains the usual averments. To justify the siezure of the property, and as a defense to the alleged cause of action, the defendants, a sheriff and his deputy, rely upon certain attachment proceedings at the suit of one Haish against Sibbison, set up in their answer, alleging a fraudulent sale from Sibbison to Griswold; and the evidence offered in support of the issues thus tendered is, so far as necessary to be considered, substantially as follows: On the 9th day of April, 1891, Sibbison, who was indebted to Haish in the sum of $1,700, owned the stock of merchandise in controversy, and was then, and for a number of years had been, engaged in the retail hardware business in Dell Rapids, occupying for that purpose a storeroom or building of which he appeared to be the owner; and the evidence, at least *prima facie*, shows that the plaintiff, Griswold, on the above-mentioned date, purchased from Sibbison said stock of hardware, and assumed immediate control of the business, and remained in constant and actual possession of the entire stock until the 20th of the same month, when the attachment was levied thereon as the property of Sibbison, and the same was taken by the defendant sheriff's deputy into *cus-*

*todia legis,* to await the order of the court or the final determination of the action then pending between Haish and Sibbison, and out of which the attachment issued. From the return and schedule of the attaching officer it appears that a full and complete inventory was made of the property seized, and the evidence shows that all the property was taken from his possession three days thereafter by the coroner of Minnehaha county, by virtue of this suit in claim and delivery; and the schedule and inventory made by the coroner correspond, in substance, with the inventory of the sheriff, above mentioned. · Before the delivery of the property to the plaintiff, Griswold, and within the time limited by law, an undertaking or redelivery bond was provided, as required by the statute, and·the property was all returned by the coroner to the defendants, Sundback and Lund, and by them turned over to the attorney for the plaintiff in the attachment suit. Upon the trial, all evidence, under the answer, which tended to establish that the sale of the stock of hardware in controversy by the attachment debtor, Sibbison, to the plaintiff, Griswold, was fraudulent as to the attaching creditor, was excluded, on the ground that the attachment proceedings would not justify the siezure of the property, or constitue a defense to this action, because the defendants had unlawfully released their levy, and thereby became trespassers from the beginning; and in effect the only question which defendants were permitted to litigate was the identity and value of the property in dispute. Ostensibly, appellant's petition for a rehearing was made and granted upon the theory that respondent was permitted to recover for various items of goods, wares, and merchandise that were never taken from his possession by appellants; but their counsel now maintain, in effect, that under the circumstances of this case apppellants should be permitted to justify under the attachment proceedings, notwithstanding they abandoned their levy by turning the property over to a stranger having no authority to receive the same, or any part thereof. We are well satisfied with the former decis-

ion in that regard, and decline to give the question further consideration.

It has been noticed that plaintiff bases his right to immediate possession upon a claim of ownership, and in his complaint describes the property wrongfully detained as goods, wares, and merchandise situated in his store in Dell Rapids, which was formerly owned by W. J. Sibbison; and he alleges the value of the property to be $4,000, and avers that the same is more particularly described in his affidavit in claim and delivery; and it becomes necessary, therefore, to examine the schedule of property thereto attached, the return of the coroner, the undertaking in claim and delivery, and the redelivery bond of the defendants, as it is claimed by counsel for appellant that there is no evidence identifying the property attached and taken into defendant's possession as being the property claimed by plaintiff and described in his affidavit and complaint, and that the court erred in holding, as a matter of law, that plaintiff had so far established a case that the only question to be submitted to the jury was the measure of damages and the value of the property. While the plaintiff, in his complaint, describes the property in dispute as goods, wares, and merchandise of the value of $4,000, belonging to him and situated in his store in Dell Rapids, formerly owned by W. J. Sibbison, he states that the affidavit herein contains a more particular description of said property; and we find from an inspection thereof, and the undisputed evidence before us, that the schedule of property attached to said affidavit in claim and delivery, and claimed by the plaintiff, contains numerous items that were neither purchased by the plaintiff from, not attached by the defendants as the property of, Sibbison, and that said schedule consists of an inventory of the stock of hardware in dispute, taken about three months before plaintiff purchased, and defendants attached, the same, and that intermediately sales had been made by Sibbison in the usual course of retail trade, with-

out corresponding replenishment.   This inventory was neither copied into the complaint nor attached thereto, and consequently became no part thereof; and, independently of the reference to the affidavit, we regard the description of the property contained in the complaint sufficient after verdict, as it conclusively appears that the property attached was the identical property purchased by plaintiff, taken by the coroner in this suit and returned to defendants, and by them turned over to the attorney for the attaching creditor; and the fact that numerous items of goods, wares, and merchandise were claimed by plaintiff, and charged to be wrongfully detained, which he did not own, would not alone be sufficient to defeat a recovery of so much thereof as he did in fact own, as shown by the evidence, and described in the complaint and schedule attached to his affidavit.   Malone v. Stickney, 88 Ind.  594; Litchman v. Potter, 116 Mass. 371; Ellsworth v.  Henshall, 4 G. Green 417; McCourt v. Bond, (Wis.) 25 N. W. 532; Cobby, Repl. 552.

It is evident from the return of the coroner and from the recitals of defendant's redelivery bond, as well as from the undisputed testimony of the witnesses, that defendants never had in their possession all the property enumerated in the schedule attached to the affidavit in claim and delivery.   The coroner returned that he took possession of so much thereof as was at that time contained in a certain store building in the village of Dell Rapids, formerly occupied by A. W. Griswold as a hardware store"; and the redelivery bond designated the property as being a certain portion of the property specified in the affidavit and undertaking in claim and delivery, and as shown by the inventory of the coroner.   Numerous witnesses testified at the trial concerning the value of the property, and each based his estimate upon the stock in the store actually taken by defendants, and exclusive of articles enumerated in the schedule attached to plaintiff's affidavit, which were not so taken and turned over to the attorney for the attaching creditor.   Griswold and Sibbison testified that the property was worth $3,860,

E. L. Shepard testified that he invoiced the property at $3,-560, while the same was in the possession of the defendants, and that the stock, if put on the market to sell, would bring $1,800 or $2,000. Defendant's return and testimony show that the property attached is in fact the stock of hardware claimed in this suit, although it is conceded that many items enumerated in the inventory, taken three months before, were not in stock when plaintiff bought the same from Sibbison. There could be no mistake concerning the identity of the property; and, as the evidence was clear and undisputed upon that point, the question was rightly withheld from the jury, and properly decided as a matter of law by the court.

On the part of the defense, C. W. Hooker testified that the property in dispute was worth about $1,500 on the day plaintiff claims to have bought the same from Sibbison. T. F. Leavitt testified, in effect that it was worth from $1,600 to $1,800 at that time, and at all subsequent times while in the possession of the defendants. The complaint alleges the value of the property to be $4,000, the answer admits it is worth $2,000, and, from a consideration of the evidence, the jury found it to be of the value of $3,000, and this appeal is from a judgment in plaintiff's favor accordingly entered against the defendants, and from an order overruling a motion for a new trial, The contention of counsel for appellant, that plaintiff brought suit to recover the possession of certain specific and particularly described articles of personal property, and was permitted to recover for other and entirely different property, seems not to be sustained by the evidence. While he evidently claimed in his affidavit many items of property to which the undisputed evidence proved he was not entitled, it does not, as reversible error should, so satisfactorily or affirmatively appear that he in fact recovered for such articles, but the evidence seems rather to justify the inference that the verdict was based entirely upon opinion evidence as to the value of the stock, taken as a whole, rather than upon the aggregate values of specific items,

for to the former all the evidence as to the value was directed; and the fact that the court directed the jury to ascertain from the evidence the value of the property described in the complaint, and to find that the plaintiff was entitled to the immediate possession thereof, could not have misled the jury nor prejudiced the defendants, as the complaint contains no specific enumeration of property, and the evidence was clear, explicit, and undisputed as to the property already taken by the defendants from the possession of the plaintiff at the time and place, and under the circumstances, alleged in the complaint.

The foregoing views are expressed after a careful examination of the questions upon which a rehearing was allowed, and lead us to the conclusion that the result reached in the former opinion is supported in all respects by reason and authority, and the same is therefore affirmed.