## BOWMAN v. KNOTT.

Under a statute that requires public notice to be given for at least ten days before an officer can sell property levied upon by virtue of an execution, a sale and delivery thereof upon 8 days' notice is unauthorized, and renders the seizure and all subsequent proceedings the acts of a trespasser from the beginning.

(Syllabus by the Court. Opinion filed March 4, 1896.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Action in conversion. Defendant had judgment, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*C. A. Christopherson,* for appellant.

The regulations of the statute for the seizure and sale of personal property should be lawfully and strictly complied with. Carrier v. Esabough, 70 Pa. St. 239; Pierce v. Benjamin, 14 Pick. 356; Pennington v. Lorring, 7 Mass. 388; Sutton v. Beach, 2 Vt. 42; Russell v. Dwyer, 40 N. H. 184; Griswold v. Sundback, 4 S. D. 441, 57 N. W. 339.

Respondent filed no brief.

FULLER, J.   This action in conversion is by a judgment debtor against a sheriff, to recover $57.60, the alleged value of certain personal property seized and sold under an execution issued by a justice of the peace, and directed to said officer. There was a judgment for defendant, and plaintiff appeals. Respondent filed no brief, and the only question presented by appellant is the sufficiency of the notice of sale, which was published in a weekly newspaper once a week for two consecutive weeks, as follows: October 12 and October 19, 1894; and said notice specified that the sale would take place on the 20th of said month and year.   Before an officer can proceed to sell property levied upon by virtue of an execution, he must cause public notice thereof to be given for at least 10 days before the day of sale.   Comp. Laws, §§ 5141, 6117.   Where but 8 days intervene between the first publication and the day of sale, it is very evident that the statute requiring such notice to be given "for at least ten days before the day of sale" is not satisfied. The statute is mandatory, and expressly prohibits a sale of property until at least 10 days' notice has been given, either by posting notices, or by publication thereof, as the case may require.   An officer must strictly pursue a statute by which he is authorized to divest the title to property, and transfer it to another, without the consent of the owner.   It was incumbent upon the sheriff to show a substantial compliance with the statute, and as the execution gave him no authority to sell until at least 10 days' notice had been given, a sale based upon an 8-day notice was without authority, and the seizure and all subsequent proceedings became the acts of a trespasser *ab initio*.   Griswold v. Sundback, (S. D.) 60 N. W. 1068; Carrier v. Esbaugh, 70 Pa. St. 239; Smith v. Gates, 21 Pick. 55.   Respondent, having relinquished his lien by an unwarranted sale of the property, was without legal process under which to justify.   The judgment of the trial court is reversed, and a new trial is awarded.