## FODNESS V. JUELFS, Sheriff, *et al.*

1. Comp. Laws, § 6117, provides that constables to whom executions from justices' courts are directed shall have all the powers of sheriffs in levy and sale thereunder, provided that notice of sale shall not be given by publication in a newspaper, but by posting notices at public places in the county. *Held,* that the proviso applies equally to sheriffs when acting under executions from justices' courts, and that a sheriff to whom such an execution is directed, having given notice of sale only by publication in a newspaper, is not protected by such process, but is liable for the value of the property sold.

2. No request for an instruction for a verdict for defendants, or motion to dismiss on account of the failure of the evidence to connect them with a tortious taking, having been made, it will be presumed, on appeal, in order to sustain a verdict for plaintiff, that there was such evidence.

3. It is not error, in an action against a sheriff for wrongful execution sale, to instruct that, if the jury find plaintiff to have been the owner of personal property wrongfully taken or in possession thereof at the time of taking, she is entitled to recover, since possession is presumptive evidence of ownership against all persons not themselves owners.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Lyman county. Hon. FRANK B. SMITH. Judge.

Action by Dortha H. Fodness against Henry Juelfs, sheriff, and others to recover the value of certain personal property alleged to have been taken from her possession wrongfully. From a judgment for plaintiff, defendants appeal. Affirmed.

*I. N. Auld, S. H. Wright* and *B. C. Huddle,* for appellants.

*James Brown* and *John G. Bartine,* for respondent.

CORSON, J. This is an action by the plaintiff to recover of the defendants the value of certain live stock taken from the

possession of the plaintiff by Henry Juelfs, as sheriff of Lyman county. Judgment for plaintiff, and defendants appeal. The sheriff in his answer justified his taking under and by virtue of an execution issued out of a justice's court in Lyman county, wherein Anton Johnson and Rier O. Houge were plaintiffs, and Knud H. Fodness was defendant, alleging that the property seized under the execution was the property of the said Knud H. Fodness, On the trial the court instructed the jury that the sheriff was not protected by his execution, for the reason that there was no notice of the sale of the property as required by the statute. It appeared from the evidence that the execution was issued by a justice of the peace, and directed to the sheriff of Lyman county, and that the sheriff posted no notices of the sale of the property, but published a notice of the time and place of such sale in a newspaper. Section 6117, Comp. Laws, provides as follows: "The provisions of chapter 13, part 2, of the Code of Civil Procedure, relating to the levy and sale or delivery of personal property, so far as the same are applicable, and not inconsistent with the provisions of this chapter, apply to and govern the levy, sale and delivery of personal property, under an execution issued by a justice of the peace. And the constable, when the execution is directed to him, is vested for that purpose with all the powers of the sheriff; provided, that notice shall not be published in a newspaper, but shall be given by posting for ten days, in five public places within the county, one of which shall be at the office of the justice issuing the execution." The appellants contend that the court erred in holding that the notice of sale was insufficient, and they insist that the proviso applies only to the constable, We are of the opinion that the court was correct,

and the provision applies to all cases where the execution is issued by a justice of the peace, whether the execution is issued to the sheriff or to the constable. The evident purpose and object of the lawmakers in requiring the notice to be posted, instead of being published in the newspapers, was to save the expense of publication to the defendant, and to give notice more generally to the persons residing in the immediate vicinity, who would be the only persons likely to attend a sale of personal property seized under an execution from a justice's court.

It is contended by the appellants that this court virtually gave a construction to this section in Bowman v. Knott, 8 S. D. 330, 66 N. W. 457, as contended for by the appellants; but in that case the only question considered by the court was as to the time the notice was given, and, as the notice was only published eight days instead of ten, the court held it insufficient, without passing or intending to pass upon the question as to whether the notice should be published in a newspaper, or posted, as provided in the proviso in that section.

Appellants further contend that there was error in the charge of the court as to the liability of the defendants Johnson and Houge, for the reason that, if there could be no protection under the execution, there could be no liability of the said defendants under the evidence in this case; there being no evidence connecting them with the taking. Appellants would be correct in their contention if they had made a motion to dismiss the action as to these defendants, or requested an instruction of the court to find in their favor, so far as the evidence is disclosed by the record before us. But, appellant having made no such motion or request, we must presume, in support of the judgment, that there was evidence connecting them with the sheriff in the taking and conversion of the property.

It is further contended that the court erred in instructing the jury that, if they found that the plaintiff was the owner of the property or in possession of the same at the time it was seized by the sheriff, she was entitled to recover in this action. We discover no error in this instruction. Certainly, if the plaintiff was the owner, she was entitled to recover, and if the property was taken from her possession she was presumptively the owner, as against all persons who could not show a title to the property. In this case, so far as the record discloses, there was no evidence proving, or tending to prove, that any person other than the plaintiff was the owner of the property taken.

We have examined the other portions of the charge excepted to, and find no error in it. The judgment of the court below is affirmed.