## GRISWOLD v. SUNDBACK *et al.*

1. When personal property in the hands of a third person is attacked as the property of the attachment debtor, and enumerated in the return of the attaching officer, and such third person institutes an action in claim and delivery to procure a return of the property to himself, but, before the property is actually returned to his possession by the attaching officer, such officer gives a redelivery bond, and retains the possession of the property, such officer is estopped from denying that all the goods mentioned in his attachment return were not in his possession at the time the writ of replevin was executed. He is concluded by the recital in his return on the attachment and in the redelivery bond.

2. In the attachment of personal estate, the officer executing the writ acquires a special property in it, and the right to its custody and possession. For any wrong to it the right of action is in the officer, as, in any termination of the case, he is accountable for the property, either to the creditor or debtor. His right over the property is independent of the creditor or debtor, as in a given event he is responsible for it to the debtor, and in another event the creditor. But this right only exists so long as that special property continues in his possession, or is wrongfully taken from him. If he permits the debtor to retain possession of it, it can be held by subsequent attachments or a subsequent per-

chaser free from the attachment lien. If it is turned over to the alleged creditor he may appropriate it or misappropriate it in such a way that it or its proceeds cannot be forthcoming to answer any judgment which may be rendered in the attachment suit.

3. G., the plaintiff in a claim and delivery action, claimed to be the owner of property which had been attached as the property of S. Upon the trial the attaching officer attempted to justify the taking under the attachment proceedings, and gave a redelivery bond as provided by statute, to retain the possession of the goods, and at once turned the goods over to the agent of the plaintiff in the attachment proceeding. *Held,* that this action on the part of the officer released the lien of the attachment, and the officer became a trespasser from the beginning.

4. A creditor cannot attack a conveyance on the ground of fraud, merely, upon his contract right. Before he can do so, he must either have an attachment or execution upon personal property, or a judgment at law or a decree in equity upon real estate. No mere outsider, or person having no lien either by contract or process, can litigate any question of fraud arising upon the purchase or transfer of property by other persons.

5. When the court has already charged the jury, in substance, that the plaintiff has established his owership and right of possession to the property in litigation, it will be regarded as harmless error if he refuse to charge them that the burden of proof rests upon the plaintiff to establish his right to the property.

(Syllabus by the Court. Opinion filed Dec. 20, 1893.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action in claim and delivery against the defendants, who are sheriff and deputy sheriff respectively of Minnehaha county to recover the possession of property taken from the plaintiff by virtue of a writ of attachment. Plaintiff had judgment, and defendant appeals.

The facts are stated in the opinion.

*R. W. Hobart, U. S. G. Cherry* and *C. S. Palmer,* for appellants.

It was error for the court to eliminate from the case the question of fraud in the trasaction between the plaintiff and the attachment debtor. The plaintiff by his own testimony in cross

examination established a prima facie case of fraud. Danby v. Sharp, 2 McArthur 435; Vance v. Phillips, 6 Hill 433; Pressler v. Joffrion, 2 S. Rep. 795; Downing v. Kelly, 49 Barb. 547; Wait on Fraudulent Conveyances, § 224, p. 307.

There was decided conflict in the evidence as to whether the plaintiff or the attachment debtor was in possession when the defendants made the levy on the attachment. This being a disputed question it was error for the court not to submit it to the jury for determination.

In an action to recover the possession of personal property the burden of proof is upon the party who seeks to recover it. Krug v. Herod, 69 Ind. 78; Barry v. O'Brien, 103 Mass. 520; Bardwell v. Stubbert, 17 Neb. 486, 23 N. W. Rep. 344; Cobby on Replevin, § 979; Wells on Replevin, § 689; Wallace v. Robeson, 100 N. C. 206, 6 S. E. Rep. 650. The plaintiff if he recover must do so on the strength of his title and not upon the weakness of the defendants. Johnson v. Neal, 6 Allen 227; Constantine v. Foster, 57 Ill. 36; Dickenson v. Lowell, 35 N. H. 9; Rogers v. Arnold, 12 Wend. 30; Seibert v. McHenry, 6 Watts 303; Hatch v. Fowler, 28 Mich. 205; Wallace v. Robeson, 6 S. E. Rep. 650; 100 N. C. 206.

The question at issue in actions to recover the possession of personal property is, who was entitled to the possession of the property at the time the suit was commenced. Anything occurring after the commencment of the suit is immaterial. Fisher v. Burshall, 42 N. W. Rep. 1034; Gates v. Gates, 15 Mass. 310; Eldridge v. Sherman, 70 Mich. 266; 38 N. W. Rep. 255; Alden v. Carver, 81 Am. Dec. 430; 13 Ia. 253; McGraw v. Welch, 2 Col. 284; Rosenfield v. Case, 49 N. W. Rep. 630; Bank v. Clemont, 30 N. W. Rep. 64; Britt v. Aylett, 53 Am. Dec. 282; 11 Ark. 475; Wells on Replevin, § 791; Cobby on Replevin, § 979.

When attached property is replevined by a third party and taken from the possession of the attaching officer, it is no longer under the lien of the attachment, but is replaced by the

undertaking of the plaintiff in replevin, and the plaintiff in the replevin action cannot raise any question relating to the attachment proceedings.

·*Winsor & Kittredge*, for respondent.

The defendants, by giving the redelivery undertaking prescribed by the statute, estopped themselves to deny that they had the possession of the property at the commencement of the action. Weber v. Manne, 105 N. Y. 627; Diosy v. Morgan, 74 N. Y. 11; Benesch v. Waggner, 21 Pac. 706; Benesch v. Mitchelson, 21 Pac. 708.

The defendants, by releasing their levy, that is by turning over the goods to a third party, became trespassers *ab initio.* Comp. Laws, § 5000, 5001; Carpenter's Case, 8 Coke 290; Ross v. Fillbrick, 39 Me. 29; Pennington v. Loring, 7 Mass. 388: Wallace v. Truesdell, 6 Pick. 455; Smith v. Gates, 21 Pick. 55; Allen v. Hall, 5 Met. 263; Blanchard v. Dow, 32 Me. 557; Jordon v. Gallop, 16 Conn. 535.

BENNETT, P. J.   This is an action in claim and delivery, in which the plaintiff, Griswold, claims of the defendants, who are the sheriff and deputy sheriff of Minnehaha county, the possession of a quantity of merchandise which was taken from said Griswold by them by virtue of a writ of attachment sued out in an action wherein one Jacob Haish was plaintiff, and one W. I. Sibbison was defendant. The facts, as they appear from the record, are, in substance, as follows: On the 9th day of April, 1891, W. I. Sibbison had a stock of merchandise at Dell Rapids, S. D. About that time Jacob Haish commenced an action against the said Sibbison for the purpose of enforcing the collection of a debt which Sibbison owed Haish. Soon after the action was commenced Sibbison sold the stock of goods to the plaintiff Griswold, and he took possession of them. On the 20th day of April Haish procurred a writ of attachment and placed it in the hands of the defendants, Sundback and Lund, who were, respectively, the sheriff and deputy sheriff of Minne-

haha county, where the goods were. By virtue of the writ of attachment these officers levied upon and took possession of the stock of goods. On the 23d day of April Griswold, the plaintiff and respondent in the case at bar, replevied the goods from the sheriff,—the coroner, by virtue of the writ of replevin taking them into his possession; and within three days thereafter the defendants, Sundback and Lund, executed an undertaking or redelivery bond as required by the statute, and they were returned to them by the coroner. In the case at bar the plaintiff and respondent, Griswold, claims the ownership of, and the right to the possession of, the goods, The defendants justify the taking of them, and the right of the possession, by virtue of the writ of attachment issued in the case of Haish v. Sibbison. Upon the trial of the cause the plaintiff testified as to the purchase and taking possession of the goods; and Sibbison as to the sale and delivery of them to the plaintiff. The value of the goods was also shown by several witnesses. After the plaintiff rested the defendants introduced the attachment proceedings in the case of Haish v. Sibbison, the return of the sheriff, and the regaining of the property from the coroner by giving the bond as required by law. While the defendant Lund was upon the stand as a witness, he stated as a part of his testimony, upon cross examination, that after the property had been taken from him by the coroner in replevin in this action, and been redelivered to him by virtue of the redelivery bond, he (Lund) turned it over to one R. W. Hobart, attorney for the attachment creditor, and who was also attorney for the defendants in this action. The fact that the goods were by the sheriff turned over to the attorney of the attaching creditor also appear from the return of the sheriff. This fact being thus established, the court ruled that the plaintiff was entitled to recover, and that the attachment proceedings were no justification for taking the goods from the sheriff, and that the defendants were trespassers from the beginning; and it further held that there was no other issue to be tried in the case, except to ascertain

the value of the goods taken, and the amount of the plaintiff's damages. With this ruling of the court, the case went to the jury, who returned a verdict for the plaintiff; and a judgment was entered in accordance with it, from which an appeal was duly taken.

The appellants have made numerous assignments of error, which may be considered under the following propositions: (1) Did the defendants, by giving the redelivery bond, estop themselves from showing that they were not in possession of the property claimed by the plaintiff at the time of the commencement of the suit. (2) Did the turning over of the property to a third party by the officer, after he had received it by virtue of the redelivery bond, constitute an abandonment of the levy under the attachment? And, if so, did such abandonment relate back to the commencement of the action, and render him a trespasser from the beginning? (3) Did the court err in eliminating the question of fraud in the sale of the goods from Sibbison to Griswold, the plaintiff? (4) Should the question as to who. was in possession of the goods at the time the attachment was served have been left to the jury, the evidence being conflicting as to the fact? (5). Was the court in error in not charging the jury that the burden of proof was upon the plaintiff, as requested by the defendants?

It appears from the record that there was some contention as to the exact amount and kind of the property taken by the sheriff on the writ of attachment, which was sought to be recovered by the respondent from this officer. The return of the officer upon the writ of attachment contains the following statement: "I hereby certify and return that I made said seizure and levy, and served said warrant of attachment, affidavit and. undertaking, as sheriff of said county of Minnehaha, under and by virtue of the annexed warrant of attachment, and that the annexed inventory, marked "Inventory A," is a just and true inventory of all the property so seized." Then follows an inventory of property, containing many articles usually found in

a hardware stock of goods. This return was made before the action under consideration was commenced. From the testimony of the defendant Lund, it will be seen that he testifies that these are the goods taken from him by the coroner in the action, and returned to him by the coroner, by virtue of the re-delivery bond. Upon this statement of undisputed facts, are the defendants estopped from showing they were not in possession of the property claimed by the plaintiff at the commencement of this suit? It is contended by appellants they are not. Their contention is that the giving of a redelivery bond in an action of claim and delivery raises a question of fact, only as to the identity of the property, but when this is in dispute, and not a question of estoppel, and that the question of fact should have been submitted to the jury, and not taken from it, as was done by the court in the case at bar. In support of this contention, we are cited to the cases of Nowell v. Gilbert (Sup.) 2 N. Y, Sup. 525; Malloney v. Horan, 49 N. Y. 111; Winegar v. Fowler, 82 N. Y. 315; Weber v. Manne, 42 Hun. 557. Upon an examination of the cases of Nowell v. Gilbert and Weber v. Manne, *supra*, they seem to be in point, sustaining the contention of appellants. These are cases decided by the inferior courts of New York, and are entitled to consideration, so far as the decisions are based on good sound reasoning, and not reversed by some higher tribunal. We find, however, a memorandum opinion reported in 105 N. Y. 627, entitled Webber, respondent, and Manne, as appellant, represented by the same attorneys, which is no doubt the same case reported in 42 Hun. 557, where that court reverses the decision of the general term. And we find the case of Martin v. Gilbert, 119 N. Y. 298, 23 N. E. 813 and 24 N. E. 460, was in the court of appeals of that state, where the facts are very similar to the case of Webber v. Manne, in which the court says: "Upon the trial the defendant offered to prove that, of the personal property described in the affidavit made by the plaintiffs, the defendant did not have it in his possession or under his

control when the demand was made upon him by the plaintiffs, and at the commencment of the action, and that no more than one-quarter of such property ever came into his possession, or was in his possession when such property was replevied by the coroner. This evidence was objected to on the part of the plaintiffs as tending to vary or alter the admission made by the defendant in this action, contained in his undertaking given to the plaintiffs upon the retaking of the goods seized by the coroner. The objection was sustained." Upon appeal the court says: "The referee was right in rejecting the evidence. The affidavit of the plaintiffs described all the property claimed by them, and alleged that it was all in the defendant's possession. The requisition required the coroner to take all the property. He proceeded to the execution of the writ, and in the course of the same he is met by the action of the defendant, which prevents his complying with the terms of the requisition. To prevent such compliance the defendant offers, as he has a right to do, under the statute, an undertaking on his part. That undertaking is provided for by statute, and in its recitals, in order to state for what purpose and under what circumstances it is given, it is set forth. in plain language, that the plaintiffs claim the chattel specified in the affidavit made on behalf of the plaintiff. * * * It was because of this undertaking that the defendant was enabled to retain possession of the property. * * * We do not think that under the circumstances the defendant should be allowed to contradict the admission of fact made in his own bond, by virtue of which he kept the property which had been taken by the coroner; and we think he is properly concluded by the recitals in such bond upon the question of what property was, as a matter of fact, in his possession, and taken by the coroner." In the case of Diossy v. Morgan, 74 N. Y. 11, we find that the sheriff took a quantity of stone into his possession for the plaintiff on the requisition in the claim and delivery action, but the defendant prevented its delivery to the plaintiff, and procured its delivery to him, by reason of the filing of the

bond, which contained an admission that the property was taken from the possession of the defendant by the sheriff. The defendant, upon the trial, sought to show that he did not have possession of the stone at the time the action was commenced, and the evidence was rejected. Upon appeal the court of appeals said the rejection was proper. The only question in the case was whether the defendant should be permitted to show that he did not have possession of the property when the suit was commenced, although his bond contained the written statement that he did. The case of McMillan v. Dana, 18 Cal. 339, was an action upon an undertaking given in release of an attachment upon certain property, and the question arose whether the property was actually released, and delivered to the defendant, or not. This was not allowed, and the court says: "These recitals are conclusive of the facts stated. * * * Nor does it matter whether the property was subject to attachment or not. That matter cannot be tried in that collateral way. * * * Nor was any proof necessary of the preliminary proceeding connected with or preceding the levy, for there defendant admits the levy of the attachment on this property, and this is enough." In the case of Lucas v. Beebe, 88 Ill. 428, it appears that appellant, as sheriff of McLean county, levied a distress warrant upon some furs as the property of one Green, but one Lucas claimed the property, and upon trial a judgment was rendered against him. Upon appeal to the circuit court he gave an appeal bond for the value of the property. The appeal was dismissed, and the constable demanded the return of the property, but Lucas refused to do so. Thereupon, appellee brought suit upon the delivery bond, when a judgment was rendered against the defendant, which was appealed to the supreme court. Justice WALKER, delivering the opinion, says: "An offer was made to prove that there was never any such case before the justice of the peace as that recited in the bond. Appellants are estopped, by this solemn admission in their bond, from

making this proof. It is generally supposed parties mean to bind themselves when they solemnly and deliberately make such statements in writing, the truth of which is attested by their signatures and seals." The rejection of the testimony was held to be proper. To the same effect, we cite Sponenbarger v. Lemert, 23 Kan. 55; Brewing Co. v. Niederwizer, 28 Mo. App. 233; Anthony v. Bartholow, 69 Mo. 186; Benesch v. Waggner, (Colo. Sup.) 21 Pac. 706. All the above cases fully sustain the position of the respondent, and the holding of the court below, on this question. An officer's return on final process is generally conclusive. Herman, Ex'ns, § 242; Freem. Ex'ns, § 366. This is especially true as against the officer. An officer might be allowed to amend his return, and possibly be allowed to impeach it for fraud predicated upon it, but generally the return must be considered as conclusive. There is no reason shown why the return should not be considered conclusive.

As to the second question in the case, viz. did the defendants and appellants, by turning over the goods to a third party after they took them under the redelivery bond, become trespassers from the beginning of the action? An officer can only defend against an action for damages for taking the property of another by showing that he holds such property by virtue of some legal process. When he has thus taken property, he must keep the property so seized by him, or the proceeds of such as has been sold, to answer any judgment which may be obtained in such action. Section 5000, Comp. Laws. A condensed summary of the rules concerning the relation of an officer to property seized by him under attachment is thus given by Isham, J., in Braley v. French, 28 Vt. 546, as reported in a note found on bottom of page 274 of Drake on Attachment. The learned judge says: "In the attachment of personal estate, the officer acquires a special property, and the right to its custody and possession. For any wrong to it, the right of action is in the officer, as, in any termi-

nation of the case, he is accountable for the property, either to the creditor or debtor. That special property the officer may release so as to destroy the lien upon the property created by the attachment. He may permit the possession of the property to remain in the debtor, in which case it can be held by a subsequent attachment or a subsequent purchaser free from any claim or lien of the officer upon it. His right over the property is independent of the creditor or debtor, as, in a given event, he is responsible for it to the debtor, and in another event to the creditor, and that right exists so long as that special property continues in him." The reason for the rule is very obvious. At the termination of the suit in which the attachment proceedings were begun, the officer must produce the property to satisfy the plaintiff's execution, if one is obtained, or if, on the other hand, the suit fails, or the attachment is dissolved, he must be able to return the property to the defendant. Hence, it is the first duty of the officer to retain the property in his possession at all times during the pendency of the suit. If he do not, he will be regarded as having abandoned the attachment. The officer has no authority to deliver the attached property to the property to the plaintiff or to a third person. It may be true that the plaintiff may prevail in the action upon which the attachment proceedings are based. If so, the property or its value must be applied to the payment of the debt. If not so applied, the debt remains •unsatisfied, and while it so remains, by the act of the officer, the defendant is damaged by his misfeasance or malfeasance. This is a sufficient ground upon which to predicate liability. Besides, the entire property seized may not be required to satisfy the debt sued for; and, when there is a surplus in value after satisfying the judgment, this surplus should be returned to the owner. The plaintiff in an attachment acquires no property in the goods by the seizure, but the general property remains in the alleged debtor until judgment is pronounced against him, and a sale is made of the property attached, according to law. Not until

then does the general property of the defendant become divested, and the proceeds of the sale remain in the custody of the law until actually paid over to the plaintiff. Even the specific money in the hands of the officer is not the property of the plaintiff until paid over to him. See Lightner v. Steinagel, 33 Ill. 510. In the case at bar the record shows that the plaintiff in this action claimed to be the owner of the goods which had been attached in the case of Haish v. Sibbison. In the course of the trial the defendants attempted to justify under the attachment proceedings in that case, and put in evidence the return of the sheriff on the warranty of attachment in that case; and the deputy sheriff testified on cross-examination that after the defendants (that is, the officers) had regained the possession of the property from the coroner by giving a redelivery bond, they (the officers) turned the property over to the attorneys in the case of Haish v. Sibbison. This action, under the rule above stated, released the levy of attachment, and these proceedings were no justification for taking the property, and they became trespassers from the beginning. It is true, that after the commencement of this replevin action the sheriff gave a redelivery bond, and retained possession, but such bond did not give him new or substituted rights. It simply prevented the interruption of his possession under the attachment. Those proceedings must still be the foundation of his right to hold the goods. Suppose, after giving such bond, the attachment had been dissolved. Would the redelivery bond have entitled him to retain possession? We think not. The case of Zschocke, v. People, 62 Ill. 128, is somewhat analogous to the one at bar. In that case the plaintiff in error was convicted upon an indictment charging him with having stolen a certain sum of money belonging to one Eck. From the record of the case it appears that the accused was a constable, and Eck, having an execution in his favor, delivered the writ to the defendant, and he levied it upon certain goods of the judgment debtor, and took them to Eck's house, and put them into his possession. After-

wards, the prisoner came and took them away, and sold them at private sale, and converted the proceeds to his own use. For this he was indicted and convicted of felonious conversion. Upon appeal the supreme court, by Justice McALLISTER, de-livering the opinion, says: ''If the prisoner was a constable, as was assumed on the trial the levy and seizure of the goods un-der the execution would vest in him a special property in them. The general property would remain in the judgment debtor un-til a sale according to law. The plaintiff in the execution ac-quired no property in the goods by the seizure. He could not maintain an action of trespass or trover against the wrongdoer. Such action could only be brought by the officer. When a sale is made under the writ pursuant to law, then the general prop-erty of the judgment debtor becomes divested, and the pro-ceeds of the sale remain in the custody of the law until actually paid over to the plaintiff. But in this case the goods were sold, not by authority of law, but at a private sale. By such an abuse of an authority given by law, the officer became a trespasser *ab initio*.''

As to the contention of appellants that the question of fraud should have been left to the jury, we would say that the right to litigate that question depended entirely upon whether they had any lien upon the property by virtue of the writ of attach-ment, or not. We have already decided in the case that his lien of attachment was lost when the possession of the goods was given to the plaintiff in the attachment by the officer hold-ing the property. It is clear that creditor cannot attack a con-veyance merely upon his contract. He must either have an at-tachment or execution when he seeks to attack a conveyance of personal property, or a judgment or a bill in equity as to real estate. The question of fraud cannot be litigated by any per-son who has no interest in the property. No mere outsider, or person having no lien either by contract or process, can liti-gate any question of fraud arising upon the purchase or trans-fer of property by other persons. The defendants, having

shown no interest in the property attached, are barred from raising this question.

The appellants also claim that the question of who was in possession of the goods at the time of the commencement of the action should have been left to the jury. We fully agree with the appellants that, in actions to recover the possession of personal property, the plaintiff, if he recover, must do so on the strength of his own title. By an examination of the record it will be seen that Griswold, the plaintiff, testified that he had purchased the property, and had received a bill of sale of the same from Sibbison, and had taken possession of it. This was sufficient to maintain the action, and this fact was not seriously controverted by other testimony. Upon this fact there was no conflict that could rightfully have changed the verdict.

As to the refusal of the court to charge the jury that the burden of proof rests upon the plaintiff, if error at all, it was harmless, because the court had already charged them that the taking of the goods from the plaintiff was wrong, and that the only question for them to decide was the value of the goods, and the damage for the wrongful taking; this charge virtually saying to the jury, "The plaintiff has established his ownership and right to possession." If this were so, it would have been surplussage to have given the charge as requested by the appellants. Having reviewed the case at what may seem an unnecessary length, and finding no material error in the ruling of the court below, the judgment will be affirmed.