[No. 2470.  Decided February 2, 1897.]

META CARKEEK, *Appellant*, v. THE BOSTON NATIONAL BANK OF SEATTLE *et al.*, *Respondents*.

FRAUDULENT CONVEYANCES — EVIDENCE — PLEADING.

In an action involving the title to land, which it is alleged has been transferred in fraud of creditors, the court may properly inquire into the title of lands in another county, when that matter arises incidentally as a part of the question raised upon the title to the land in litigation, and when such lands are alleged to be the consideration for the transfer which is attacked as fraudulent.

In an action involving the title to real estate, in which the plaintiff has failed to fully plead title, the defendant may, under general denial, introduce any legal evidence that tends to defeat plaintiff's title.

A voluntary conveyance by a husband to his wife of community lands is voidable as against existing creditors, when the community is not possessed of sufficient other property to satisfy the community indebtedness.

Where a husband has attempted to convey community lands to the wife by a transfer which is fraudulent as to creditors, a subsequent transfer to his wife of separate property in consideration of a reconveyance of such lands formerly conveyed to her is voluntary, without consideration, and fraudulent as to creditors.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Affirmed.

*Lindsay, King & Turner*, for appellant.

*Strudwick & Peters*, for respondents.

The opinion of the court was delivered by

REAVIS, J.—A suit in equity was commenced by appellant to restrain respondents (defendants) from selling, upon execution against her husband and a third person, certain real estate situate in King county, claimed by appellant as her separate property, acquired in July, 1893, from her husband.   She alleged

title by deed of that date from her husband, reciting the consideration as one dollar. The respondents answered attacking the conveyance of July, 1893, to appellant from her husband, as being in fraud of creditors of the husband, the respondent bank being of such creditors, its demand accruing in March, 1890, and alleging such deed was without consideration and a voluntary conveyance by the husband. The appellant replied, alleging that the real consideration of the deed of July, 1893, from the husband to the appellant, was an exchange of certain lands in Mason county, alleged to be the separate property of the appellant, for the lands in King county conveyed in the deed of July, 1893.

At the trial respondents attacked the claim of separate ownership of appellant to the Mason county lands, which were acquired by appellant in January, 1892, from her husband through an intermediate conveyance, as being in fraud of creditors and having been a voluntary conveyance from her husband at the time he was indebted to the respondents and other creditors in an amount beyond his ability to pay.

Appellant contends that the court erred in finding that the conveyance to appellant in July, 1893, of the land in King county, was void for want of consideration, and maintains that the superior court of King county was without jurisdiction to try the title to land situated in Mason county, and cites 2 Hill's Code, § 158, and the following cases: *North Yakima v. Superior Court,* 4 Wash. 655 (30 Pac. 1053); *McMaster v. Advance Thresher Co.,* 10 Wash. 147 (38 Pac. 760); *McLeod v. Ellis,* 2 Wash. 117 (26 Pac. 76).

It may be here said that the question before the trial court was the consideration for the lands conveyed by the husband to the wife in King county, and

which were sought to be subjected to respondents' execution. The question of title to the Mason county lands arose incidentally as a part of the question raised upon the title to the King county land. The court had jurisdiction to try the validity of appellant's claim to the King county lands, and the authorities cited by appellant here do not apply to this case, as each arose on a different state of facts from the one at bar.

It is also contended by appellant that there is no attack in respondents' pleading upon the validity of the conveyance of January, 1892, of the Mason county lands, and no allegation of the then insolvency of the husband or of the indebtedness at that time, and no allegation sufficient to support a decree on the ground of fraud as to such conveyance; and a number of authorities are cited to support this contention. It is sufficient to state that the title to the Mason county lands by appellant was put in issue by appellant in the reply, and we think that this case, from this point of view, falls within the rule stated in *Parker v. Dacres*, 1 Wash. 190 (24 Pac. 192), where it is said:

"Had the plaintiff in this action set out fully his chain of title, so that it would have appeared that he claimed under said Sheil, it might have been necessary for defendant, in order that he might show acts of said Sheil, to have set out the same in his answer. But when, as in this case, a defendant is not at all advised as to the source of the plaintiff's title, he can content himself with a general denial, and thereunder introduce any legal evidence that tends to defeat the title of the plaintiff, as shown by his proofs. Any other rule would work great hardship to a defendant, while the enforcement of said rule cannot work hardship to a plaintiff, as he can, if he so desires, so shape his complaint as to compel defendant to fully disclose his defense in his answer."

The court found that the husband of the appellant and one John Nicholas incurred the debt upon which respondents' judgment was based, upon the 31st day of March, 1890, in the sum of $2,500, evidenced by a promissory note of that date; that this promissory note was renewed at intervals of three months; that prior to December 31, 1890, the respondent bank requested of the husband, William Carkeek, and the said Nicholas to furnish a statement of the property owned by them, and pursuant to such request Carkeek and Nicholas furnished a statement showing that Carkeek owned as his individual property, besides his interest in the lands in King county, conveyed in July, 1893, to appellant, the one hundred and fifty acres of land in Mason county (which were thereafter conveyed to the appellant in January, 1892), and that the respondent bank relied upon the representations contained in the statement as to the property owned by Carkeek. And also found that, on July 3, 1893, the conveyance made by Carkeek to his wife (appellant), with the consideration stated therein of one dollar, was an exchange in fact for the Mason county lands, which were then conveyed to Carkeek, the husband of appellant, on July 3, 1893, and that the lands were practically of the same value. The court also found that the deed of Carkeek, the husband, to appellant was voluntary and without consideration as to the creditors of said William Carkeek, and operated to hinder, delay and defraud his creditors, including the respondent bank.

We think the evidence in the record supports these findings, and they are decisive of the case. The conveyance of January, 1892, by the husband to the wife, the appellant, was of real estate in Mason county, which had been acquired with community funds and

was a voluntary gift to the wife. At that time the condition of the community indebtedness, including that to the respondent bank, was not such as to permit such a gift from the husband to the wife as against existing creditors of the community. We have mentioned that these questions relating to the good faith in the conveyance of January, 1892, arose upon the reply of appellant, and it was competent for the respondents to meet the allegations of the reply by the evidence which was introduced at the trial, and to show that the conveyance was made without consideration and was void as to existing creditors. In view of this evidence, such conveyance was constructively fraudulent and cannot defeat the claim of respondent for satisfaction from the real estate taken upon execution.

The judgment must be affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.