[No. 5852. Decided January 5, 1906.]

Thomas Chrast et al., Appellants, v. John O'Connor et al., Respondents.[1]

Evidence—Certified Copy of Record—Admissibility—Necessity of Proving Signatures to Original—Statute. Under Bal. Code, § 6064, a copy of a recorded deed, certified by the recording officer over the seal of his office, is admissible in evidence without proof of the genuineness of the signatures to the original deed.

Deeds — Difference in Names —Abbreviation —Admissibility in Evidence Without Explanation. A deed in the chain of title signed by one Chrast and "Fannie" Chrast, certified in the acknowledgment to be his wife, is admissible in evidence as the deed of his wife "Frances" Chrast, without first showing that they were one and the same.

[1]Reported in 83 Pac. 238.

EJECTMENT — DEFENSES — PLEADING — FORGERY OF DEED — PROOF UNDER GENERAL ISSUE.  Where title to real property is alleged generally without deraigning the title, the adverse party may show, under the general issue, that a deed forming the chain of title relied upon was a forgery, and it is error to exclude such evidence on the ground that the forgery was not specially pleaded.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered June 3, 1905, upon the verdict of a jury rendered in favor of the defendants by direction of the court, in an action of ejectment.  Reversed.

*H. N. Martin* and *J. T. Mulligan,* for appellants.

*Merritt & Merritt,* for respondents.

FULLERTON, J.—This action was brought by the respondents to recover the possession of, and quiet title to, certain real property situate in Lincoln county.  In their complaint the appellants alleged that they were the owners of the premises in question by virtue of a patent to the land from the government of the United States to one John Smith, and by deed from John Smih, who was an unmarried man, to themselves.  They further alleged that the respondents wrongfully entered into the possession of the land and dispossessed the appellants, and wrongfully and without right claim some interest in and title to the property.  The respondents O'Connor answered disclaiming any title or interest in the property further than that they had a mortgage on the same from the respondents Crist to secure the payment of an indebtedness owing to them by the Crists.  The respondents Crist for answer denied generally the allegations of the complaint, and by way of a further and separate answer, set up the following:

"(1)   That they are the owners in fee simple and in possession of the following described real estate situated in the county of Lincoln, in the state of Washington, to wit:   The south half of the southwest quarter and the south half of the southeast quarter of section four (4) township twenty-one (21) north, range thirty-five (35) E. W. M.   (2)   That plaintiffs claim to have some right or interest in and to said

real estate, which claim is without right, unfounded and a cloud upon defendant's title. Wherefore defendants pray that plaintiffs take nothing by this action and that the title to said real estate be forever quieted in defendants as against any claim or claims of plaintiffs or either of them, or any person or persons claiming by, through or under plaintiffs, or either of them, and that they have judgment for their costs and for all other proper relief."

The reply was a denial of the new matter in the answer, and an affirmative plea to the effect that the respondents had placed instruments of record purporting to affect the appellants' title to the property which were clouds thereon, and prayed that, in addition to the relief demanded in the complaint, that these clouds be removed from their title.

On the trial, after the appellants had introduced their evidence and rested, the respondents offered a certified copy of the record of a deed from Thomas Chrast and Fannie Chrast to the respondent John O'Connor, purporting to have been duly executed and acknowledged. To this deed the appellants objected, which objection was overruled, and the copy admitted in evidence. After the respondents had rested, the appellants offered evidence tending to show that no deed of this property was ever given by the appellant Frances Chrast to the respondent John O'Connor, and that the deed, the purported copy of which was introduced in evidence bearing the name of Fannie Chrast, was never executed or acknowledged by her, or delivered by her to John O'Connor or any one, and that if her name appeared thereon it had been placed there without her knowledge and consent by forgery and fraud. This evidence was excluded by the court on the ground that the fraudulent execution of the deed had not been pleaded in the reply. The appellants thereupon asked leave to amend their reply in the particular named, so as to make it correspond with the court's idea of a requisite pleading, but this request was also denied. The appellants then rested, whereupon the court, on the motion of the respondents' counsel, instructed the jury to return a verdict for the respondents.

On the return of the verdict, judgment was entered thereon for the respondents according to the prayer of their affirmative answer, and this appeal is taken therefrom.

It is first assigned that the court erred in overruling the objections made to the introduction in evidence of the certified copy of the deed from Thomas Chrast and Fannie Chrast to John O'Connor. The deed was objected to on the ground that it was not shown that the signatures to the original deed were genuine, and that it did not on its face purport to be the deed of the appellant Frances Chrast. To the first part of the objection it is a sufficient answer to say that the deed was admissible under the statute which provides that a copy of a deed recorded pursuant to law, when certified by the officer having the lawful control of the record, over the seal of his office, shall be received in evidence to all intents and purposes as the original itself. Bal. Code, § 6046. This statute was intended to make available as evidence the record of instruments recorded pursuant to the recording acts; and under it a certified copy of the record of an instrument which was entitled to be recorded is of itself *prima facie* evidence that the instrument is what on its face it purports to be. It is presumed to be genuine, and to have been made for the purposes for which it purports on its face to have been made, and one asserting the contrary must prove it. To hold that such copy cannot be introduced in evidence without first proving the genuineness of the original is to render the statute nugatory.

The second part of the objection has its foundation in the fact that Frances Chrast was the wife of Thomas Chrast at the time the land was acquired by him, and has been such at all times since, while the deed in question was executed by Thomas Chrast and Fannie Chrast. But while the names Frances and Fannie are not of the same sound, the latter is a very common form of the former, if not an accepted abbreviation of it. Moreover, the deed was in the chain of title, and bore the notary's certificate to the effect that Fannie

Chrast was the wife of Thomas Chrast. Under these circumstances, we think it was not error to admit the certified copy of deed without first showing that Frances Chrast and Fannie Chrast were one and the same person.

It is next contended that the court erred in refusing to allow the appellants to show that the deed purporting to have been executed by the appellant Frances Chrast was a forgery. This contention must be sustained. Had the respondents in their further and separate answer deraigned their title so that it would have appeared that this deed formed a part of the chain of title on which they intended to rely in proving their case, the appellants could not have attacked it without first setting forth the grounds of their attack in their reply. But title is alleged generally without deraigning it; and where such is the case, the party contesting the claim of title may plead the general issue, and thereunder introduce any evidence which tends to defeat the evidence of title shown by the party asserting title. This question was before this court in *Parker v. Dacres,* 1 Wash. 190, 24 Pac. 192. In that case the plaintiff alleged title in fee in himself without deraigning his title. The defendant answered by a general denial, and by a plea of title in himself. The court below, over plaintiff's objection, allowed the defendant to dispute the plaintiff's evidences of title, notwithstanding he had not attacked them in his pleadings. The plaintiff assigned the ruling as error on appeal, and ruling thereon, we said:

"Had the plaintiff in this action set out fully his chain of title, so that it would have appeared that he claimed under said Sheil, it might have been necessary for defendant, in order that he might show acts of said Sheil, to have set out the same in his answer. But when, as in this case, a defendant is not at all advised as to the source of the plaintiff's title, he can content himself with a general denial, and thereunder introduce any legal evidence that tends to defeat the title of the plaintiff, as shown by his proofs. Any other rule would work great hardship to a defendant, while the enforcement of said rule cannot work hardship to a plaintiff, as he

can, if he so desires, so shape his complaint as to compel defendant to fully disclose his defense in his answer."

The same question was before the supreme court of Wisconsin in *Mather v. Hutchinson,* 25 Wis. 27, where it was said:

"The evidence upon this subject was objected to, upon the ground that these facts were not alleged in the answer. But the action was for the recovery of real estate. The complaint was in the ordinary form, and did not disclose the origin of the plaintiff's title. And we have held that in such an action, under such a complaint, the defendant, under the general denial, must be allowed to prove anything which would defeat the title offered by the plaintiff. Any other rule would place him at a great disadvantage. The plaintiff, not being bound to disclose the title relied on in his complaint, may, at the trial, offer any evidence of title which he pleases. 'With such a rule as to the plaintiff, it would be manifestly unjust to exclude the defendant from proving that the title offered by the plaintiff was void for fraud or any other reason, because he had not specifically set forth the facts in his answer. It would require him to foreknow and avoid, by specific allegations, a title which the plaintiff was not bound to disclose at all."

See, also, *Carkeek v. Boston Nat. Bank,* 16 Wash. 399, 47 Pac. 884.

The last assignment, namely, that the court erred in refusing to allow the reply to be amended, is not material since we hold that the pleadings were sufficient to admit the rejected evidence without amendment, and we shall not discuss it.

The judgment is reversed, and cause remanded for a new trial.

MOUNT, C. J., DUNBAR, ROOT, HADLEY, and CROW, JJ., concur.