WISE-MILLER v. HUMPHREY

---

(October 31, 1927.   Opinion and Decree)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Citation and Appearance—Par. 33.**

The presumption is that the officer's return correctly sets forth the facts as to service of citation.

2. **Louisiana Digest—Appeal—Par. 625.**

Only matters of fact are involved and the evidence abundantly sustains the judgment of the trial court.

Appeal from First City Court, Div. "C". Hon. W. V. Seeber, Judge.

Action by Wise-Miller against Wm. W Humphrey.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. B. Freeland, of New Orleans, attorney for plaintiff, appellee.

H. W. Kaiser; Thomas Tomeny, of New Orleans, attorneys for defendant, appellant.

JONES, J.   In the First City Court, on September 29th, 1925, Wise-Miller, real estate brokers, filed suit against Wm. W.

Humphrey, for a commission of One hundred and twenty ($120.00) Dollars, alleged to be due on a contract to sell certain property for him.   On October 8th, 1925, judgment was rendered against defendant, by default.   On March 12th, 1927, defendant filed a petition, in the same proceedings, to annul the said judgment, on the grounds that the court was without jurisdiction, because he was not domiciled in New Orleans. The suit to annul was tried on April 22nd, 1927.   There was judgment dismissing defendant's suit.   The case is now before us on appeal from that judgment.

The Constable's return on the citation in the original suit shows that service was made on October 1st, 1925, on defendant's wife at 4162 Canal street, by dropping citation at her feet when she refused to accept it.   The return on the notice of judgment shows it was served on October 22nd, 1925 on the landlady at the same premises 4162 Canal street, by dropping the paper at her feet when she refused to accept it.   Defendant claims that he was not living at that address at the time, but had moved to Gulfport, Mississippi. The validity of these services is the only question in the case—SOLELY. A QUESTION OF FACT.

Only the defendant testified on his side. Three witnesses testified for the plaintiff.

The defendant's testimony is contradictory on several important particulars and is by no means convincing on the other points.

Plaintiff produced the two deputy constables who served the papers and made the returns.   F. E. Knight, who was no longer a deputy constable, testified that he served the citation, as stated in his return. He went to the address 4162 Canal street, and saw Mrs. Humphrey (defendant's wife) who refused to take the citation, whereupon he threw it at her feet. He particularly remembered this case be-

cause of the circumstances of the refusal, and the fact that he had had similar experiences at the address.

It would have been easy for defendant's wife to contradict this witness, if in fact he had not served her, but she went over the lake the afternoon before and did not return.

W. Lorent, deputy constable, testified that he had served the notice of judgment, as appeared in the return; that he remembered the circumstances because he went to the house a second time, and then had to throw the paper at the feet of the lady who refused to accept it.

The defendant argues at length in his brief filed herein, that the testimony of these two constables is unreliable, because they testified to having served defendant at the same address previously and the docket books of the First City Court for the year 1925, namely 43, 44 and 45, show no other suits against him.

These books, though offered below, are not produced in this court. Furthermore, the papers served may not have been original citations, but subpoenas, garnishments, or other papers for which defendant's name would not appear on the docket or in the indices.

Mr. Walter Hamlin, attorney at law, who filed the original suit for Wise-Miller, testified that prior to filing the suit, he wrote two letters to defendant at the disputed address, 4162 Canal street. That he received no reply or response, and his letters, bearing his return address on the envelopes, were never returned. The defendant testified that he "did not remember" whether or not he received those letters.

In his brief and argument, plaintiff, Humphrey, asks for a new trial, but in his petition to annul, he merely asks for annulment of default judgment without averring that he has any defense to the original suit. Such relief cannot be granted.

In De St. Romes vs. Carondelet Canal Co., 20 La. Ann. 331, the Supreme Court said, "The presumption is that the officer's return correctly sets forth the facts".

The vague and contradictory testimony of defendant would not suffice to rebut such a presumption, if the positive testimony of the constables were lacking.

For above reasons the judgment is affirmed at appellant's costs.