No. 3825

Second Circuit

## TAYLOR v. FELL
### (GUARDIAN FINANCE CO., Intervener)

(July 5, 1930. Opinion and Decree.)

J. C. Cappel and F. B. Cappel, of Alexandria, attorneys for appellants.

Hakenyos, Provosty & Staples, and J. B. Nachman, of Alexandria, attorneys for appellee.

WEBB, J. This action was instituted by Henry Taylor and one of his mortgage creditors, Guardian Finance Company, to annul a judgment rendered in favor of John F. Fell, as receiver of Louisiana Title & Mortgage Company, Inc., against Henry Taylor with recognition of a mortgage on certain real estate to secure its payment, and to avoid a sale of the mortgaged property, made under a writ of fi. fa. issued upon the judgment, and to have a mortgage held by the Guardian Finance Company, Inc., recognized as of superior rank to the mortgage held by John F. Fell, as receiver, etc.

On trial judgment was rendered avoiding the sale, but rejecting the demand for nullity of the judgment, and decreeing the mortgage held by John F. Fell, as receiver, etc., in full force and effect; and this appeal is prosecuted by the trustee in the matter of Henry Taylor, bankrupt, and the Guardian Finance Company.

Appellants contend that the evidence established that Taylor had not been cited, and that the court erred in refusing to annul the judgment, and that there was not any demand to have the mortgage held by Fell, as receiver, etc., declared to be in full force and effect, and that the decree in that respect should be avoided.

The basis of the demand for nullity of the judgment was that Taylor had not been served with process. The return of the officer who served the process, however, shows that domiciliary service was made as directed by section 9 of Act No. 179 of 1918, but, without any objection being made, evidence was permitted to be introduced tending to contradict the return of the officer, and to show that there was not any such person as "Francis Taylor," to whom the return shows copy of the citation and petition were delivered.

The evidence established, however, that Taylor's wife, Fannie Taylor, resided in the house occupied by him, and that she was at home at the time the service purports to have been made. The return made by the officers shows that the person upon whom service was made informed the officer of her name, of the absence of Henry Taylor, and where he could be found; and considering the presumption that the return of the officer correctly sets forth the facts as to service (Wise-Miller v. Humphrey, 7 La. App. 268), and the testimony of the officer that service was made as shown by the return, it is evident that the copy of the petition and citation were handed to Taylor's wife.

While it may be that the words "Fannie" and "Francis" are not idem sonans, and that a return showing service on Fannie Taylor would not be proof of service on Francis Taylor, yet when the return shows that service was made at the residence of the defendant by handing copy of the petition and citation to a person who stated that her name was "Francis Taylor," and that she lived in the residence, and the evidence shows that defendant's wife, Fannie Taylor, resided with him, and that she was at home at the time service was made, we think the presumption should be that "Francis Taylor" was the same as "Fannie Taylor" (Chrast v. O'Connor, 41 Wash. 360, 83 Pac. 238; Galliano v. Kifoy, 94 Cal. 86, 29 Pac. 416); and we are of the opinion that the evidence established that domiciliary service was made on Henry Taylor, and that the decree rejecting the demand to annul the judgment was correct.

The contention that the decree declaring the mortgage held by Fell, as receiver, etc., was ultra petitionem, is not, we think, supported by the petition. Plaintiff especially prayed that the mortgage be decreed to have perempted for want of reinscription; but without regard to that, the decree cannot be considered as final in that respect, as the rights of any other mortgage creditors of Taylor could not be affected by the decree, as the rank of the mortgages is a matter which must be determined when the property is sold and the proceeds distributed. (See Miltenberger v. Dubroca, 34 La. Ann. 313; Articles 678, et seq., C. P.)

The judgment appealed from is therefore affirmed.