CORSON LUMBER CO., Respondent, v. MILLARD, et al, Appellants.

(249 N. W. 686.)

(File No. 7493.   Opinion filed July 7, 1933.)

*A. C. Halls,* of Garretson, for Appellants.
*Blaine Simons,* of Sioux Falls, for Respondent.

ROBERTS, J.   Plaintiff brought this action upon a promissory note setting forth that the defendant Mary M. Millard, who gave the note, conveyed her interest in several tracts of land in Minnehaha county, describing them, to defendant Herbert J. Cooley, her brother, and for reasons stated in the complaint that

such conveyance was fraudulent as to the plaintiff. The prayer of the complaint is for a money judgment; that the transfer from the sister to the brother be set aside; and that the interest of the defendant in the land be adjudged to be subject to the lien of a judgment which the plaintiff may recover. This appeal is from an order overruling demurrer to the complaint interposed by defendant Cooley. It is contended that the complaint alleges two separate and distinct causes of action, one upon the note and one to set aside a fraudulent conveyance; and that under the provisions of section 2371, Rev. Code 1919, which classifies causes of action and declares what causes of action may be united in a complaint, defendants whose respective liabilities depend upon causes of action which are essentially distinct and several cannot be joined as defendants in one action.

It has been definitely adjudicated in this state that a plaintiff in an action against an insolvent foreign judgment debtor and his wife, in which action a warrant of attachment was issued, may secure a judgment against the husband and also judgment vacating a fraudulent conveyance by the husband to the wife of land within this state. Fid. Sav. & Loan Ass'n v. Reese, 41 S. D. 546, 171 N. W. 812. In the absence of statute it was not sufficient under the equity practice to entitle a plaintiff to relief against a conveyance in fraud of creditors to establish that he was a creditor. It was necessary that plaintiff be a creditor with a specific right or equity in the property, and this was the foundation of the jurisdiction in equity, because jurisdiction on account of the alleged fraud of the debtor did not attach as against the immediate parties to the transfer except in aid of the legal right. Griswold v. Sundback, 4 S. D. 441, 57 N. W. 339. In the Reese Case service was obtained by publication, and the action was in rem. As the property was subject to attachment, the writ became a lien, and under the recognized equity practice the plaintiff was entitled to prove his debt and to have the fraudulent conveyance set aside so as to realize upon the judgment in the same action. The aid of equity was only with respect to the res, and when viewed in the light of such equity jurisdiction, an attachment creditor had such an interest in the property as to entitle him to relief.

The Uniform Fraudulent Conveyance Act adopted in this state by the enactment of chapter 209, Laws 1919, was designed to

eliminate the necessity of a lien upon property as preliminary to equitable relief to set aside a fraudulent conveyance thereof. The terms "creditor" and "debt" are defined in this act (section 1) as follows: " 'Creditor' is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent;" and " 'debt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." Section 9 of the act states the remedies available to a creditor until he has reduced his claim to judgment: "(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser, (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (b) Disregard the conveyance and attach or levy execution upon the property conveyed. (2) A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment." Section 10 of the act sets forth the remedies of a creditor whose claim has not matured: "Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, and the court may, (a) Restrain the defendant from disposing of his property, (b) Appoint a receiver to take charge of the property, (c) Set aside the conveyance or annul the obligation, or (d) Make any order which the circumstances of the case may require."

This court, in Virgil State Bank v. Wahl, 56 S. D. 318, 228 N. W. 392, held that under the Uniform Fraudulent Conveyance Act relief may be obtained in an action brought upon a matured obligation by setting aside a conveyance fraudulent as to the plaintiff without necessity of first securing a specific lien upon property alleged to have been fraudulently conveyed. .

This view that a plaintiff may establish under the Uniform Act his claim and challenge a conveyance as fraudulent without first securing a specific lien upon the property in the same action has been expressed in other jurisdictions. American Surety Co. v.

Conner, 251 N. Y. 1, 166 N. E. 783, 65 A. L. R. 244; Hartford Accident & Indemnity Co. v. Jirasek, 254 Mich. 131, 235 N. W. 836; United Stores Realty Corp. v. Asea, 102 N. J. Eq. 600, 142 A. 38. The Uniform Act has been declared unconstitutional by the Court of Errors and Appeals of New Jersey to the extent that it attempts to give to the Court of Chancery authority to hear and determine actions for debt and for damages arising out of breach of contract, which power is vested within the jurisdiction of law courts. Gross v. Pennsylvania Mortg. & Loan Co., 104 N. J. Eq. 439, 146 A. 328. This conclusion results from the distribution of legal and equitable jurisdiction among the separate courts of chancery and law. A statute of similar purport has been construed by the Supreme Court of Oklahoma to entitle the plaintiff in an action to recover on a contract indebtedness to have set aside conveyances by the debtor made for the purpose of defrauding the plaintiff. First Nat. Bank v. Little, 122 Okl. 37, 250 P. 799.

The order appealed from is affirmed.

RUDOLPH, P. J., and POLLEY and WARREN, JJ., concur.

CAMPBELL, J., not sitting.