OTT, Appellant v. CHENEY, et al, Respondents.

(261 N. W. 204.)

(File No. 7794. Opinion filed June 8, 1935.)

*T. R. Johnson,* of Sioux Falls, for Appellant.
*Warren & Eggen,* of DeSmet, for Respondents.

RUDOLPH, J.   The plaintiff commenced this action against the defendants and laid the venue thereof in Minnehaha county. The first four causes of action in the complaint allege facts upon which a personal judgment is sought against the defendant Rich. The fifth cause of action alleges that certain land owned by the defendant Rich in Kingsbury county, S. D., were conveyed by him to the defendant Cheney in fraud of creditors of the defendant Rich, and judgment is asked that the deed thus conveying the land be canceled and the property subjected to the payment of the alleged personal liability of Rich set forth in the first four causes of action.   The defendants appeared generally and asked that the place of trial be changed from Minnehaha county to Kingsbury county, the county in which the land, the deed to which is attacked, is located.   The court granted the motion of defendants and entered its order changing the place of trial to Kingsbury county, and this is an appeal from the order thus entered.

The only question presented on this record is whether the court was justified in entering its order changing the place of trial. Under the decision of this court in the case of Corson Lumber Co. v. Millard, 61 S. D. 369, 249 N. W. 686, it is proper to join in a single action a cause of action seeking a money judgment with a cause of action seeking to have a conveyance of property set aside as fraudulent.   However, when causes of action are thus joined, the suit still retains as one of its principal objects the purpose of setting aside the alleged fraudulent conveyance.   It is stated by the New York court in the early case of Acker v. Leland et al, 96 N. Y. 383:   "The suggestion that this action only affects the title to real estate, indirectly and incidentally, is not tenable.   The purpose of the plaintiffs it is true, is to obtain payment of their debt, but the setting aside of the fraudulent conveyance is the first and essential step.   This obstruction bars their progress, and the removal of it is the primary object of the suit."

One purpose of the action being to set aside a transfer of property as in fraud of creditors, the question arises as to whether or not this kind of action is within the meaning of section 2325, Rev. Code 1919, which provides that actions "for the recovery

of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property" must be tried in the county in which the subject of the action, or some part thereof, is situated.

This court has held that the said section 2325 is a venue statute merely, and is not a statute conferring jurisdiction. Alderman v. New York Underwriters' Insurance Co., 61 S. D. 284, 248 N. W. 261. The defendants have brought themselves within the rule thus announced in the Alderman Case by making their application for a change of venue. Moore on Fraudulent Conveyances, vol. 2, c. 15, § 61, thereof, contains the following: "An action to procure a decree adjudging a conveyance of land fraudulent and setting it aside is an action for the determination of interest in land, and, as a general rule, must be brought in the county where the land, or some part thereof, is situated."

The rule announced in the text by Mr. Moore also finds support in the majority of the courts that have passed upon the question. See Becknell v. Becknell, 110 Ind. 42, 10 N. E. 414; Long v. Garey Investment Co., 135 Iowa 398, 112 N. W. 550; Marcum v. Powers (Ky.) 9 S. W. 255; Abramson v. Horner, 115 Md. 232, 80 A. 907; Chapin v. Dodds, 104 Mich. 232, 62 N. W. 351; Hunt v. Dean, 91 Minn. 96, 97 N. W. 574; Lindell Real-Estate Co. v. Lindell, 133 Mo. 386, 33 S. W. 466; Acker v. Leland, supra; Gem City Acetylene Gen. Co. v. Coblentz, 86 Ohio St. 199, 99 N. E. 302, Ann. Cas. 1913D, 660; Carkeek v. Bank, 16 Wash. 399, 47 P. 884. We are willing to accept the rule announced in the text and by the great majority of the courts, and hold that an action to set aside a conveyance as fraudulent comes within the meaning of our venue statute (section 2325, Rev. Code 1919), and upon the application of the defendants should be tried in the county in which the real estate, or some part thereof, is located.

We further hold, in view of Uniform Fraudulent Conveyance Act and the decision of this court thereunder to the effect that an action seeking to set aside an alleged fraudulent conveyance might be joined with one seeking a personal judgment (Corson Lumber Co. v. Millard, supra), that nevertheless in such an action the said section 2325 is controlling, and upon the application of the defendant must be tried in the county where the land, or some part thereof, is located.

Appellants rely to a great extent upon the case of Bowler v. First National Bank, 21 S. D. 449, 113 N. W. 618, 130 Am. St. Rep. 725. However, the question there involved was not one of venue, but of the jurisdiction of the court. There is no question of jurisdiction involved in this case, only a question of venue and the right to have the place of trial changed on the application of the defendants, and for that reason the Bowler Case cannot be considered as controlling in this case.

The order appealed from is affirmed.

POLLEY, CAMPBELL, and ROBERTS, JJ., concur.

WARREN, P. J., disqualified and not sitting.